[Filed December 1, 1891.]

## OREGON AND CALIFORNIA RAILROAD COMPANY *v.* WM. JACKSON.

Trespass—Timber—Damages.—Section 338, Hill's Code, fairly construed, would include not merely the value of the timber or wood cut, but such damages as accrued to the freehold by their destruction. When the action is for carrying away timber already cut, the damages could not well go beyond its value; but where standing trees are cut down, the rule of damages should fairly be the amount of which the value of the estate is diminished by their destruction.

Idem—Measure of Damages.—It is the actual damages suffered which are allowed to be trebled when the trespass is willful and intentional; the distinction being that when the trespass is casual or involuntary, single damages are given, but when the trespass is willful, they are trebled.

Douglas county: M. L. Pipes, Judge.

Plaintiff appeals. Affirmed.

*A. H. Tanner*, and *W. R. Willis*, for Appellant.

The owner of the property is entitled to recover the manufactured value of the timber cut from the premises upon which the trespass was committed. (*Wooden Ware Co.*

v. *U. S.* 106 U. S. 432; *Nesbitt* v. *St. Paul Lumber Co.* 21 Minn. 491; *Silsbury* v. *McCoon*, 3 N. Y. 379; 53 Am. Dec. 307; *Betts* v. *Lee*, 5 Johns. 349; 4 Am. Dec. 368; *Curtis* v. *Groat*, 6 Johns. 169; 5 Am. Dec. 204; *Baker* v. *Wheeler*, 8 Wend. 505; 24 Am. Dec. 66, and note.)

Where the act complained of is willfully or intentionally done, the owner of the property is entitled to recover its enhanced value without any deduction for the cost of enhancing the value. (*Ellis* v. *Wire*, 33 Ind. 127; 5 Am. Rep. 189; *Patchen* v. *Keeley*, 19 Nev. 404.)

The instruction on the measure of damages was erroneous in that it lays down an arbitrary rule for the measure of damages in such cases, without reference to whether the trespass was willful or unintentional. (*Omaha Smelting, etc. Co.* v. *Tabor*, 13 Col. 42; 16 Am. St. Rep. 185; *Acrea* v. *Brayton*, 75 Iowa, 719.)

The offer of compromise in this case, as appears by the bill of exceptions, was made by defendant's attorney, not by the defendant, and served on plaintiff's attorney, not on plaintiff. That attorneys cannot compromise the claim of clients, is beyond controversy. (*Brockley* v. *Brockley*, 122 Pa. St. 1; *Chaffey* v. *Dexter*, (Cal.) 4 Pac. Rep. 980; *Wetherbee* v. *Fitch*, 117 Ill. 67.) If this offer be accepted, judgment shall be given accordingly, as in case of confession. The confession of judgment must be by the party, not by attorney. (Code, 334, §§ 250, 251, and notes.)

*Preble & Floed*, and *Lane & Lane*, for Respondent.

Everything must be presumed in favor of the regularity of the verdict of a jury and of the sufficiency of the testimony to sustain the same. (*Bybee* v. *Burbank*, 2 Or. 296; *McBee* v. *Cæsar*, 15 Or. 62; *Woods* v. *Courtney*, 16 Or. 121.)

The measure of damages is the value of the standing trees. (*Foote* v. *Merrill*, 54 N. H. 490; 20 Am. Rep. 151; *Longfellow* v. *Quimby*, 33 Me. 457; *Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Mass. 80; *Whitbeck* v. *R. R. Co.* 36 Barb. 644; *Baker* v. *Wheeler*, 8 Wend. 505; 24 Am. Dec. 66; 3 Suth. Dam. 375.)

Lord, J.—This is an action based on section 338, Hill's Code, in which the plaintiff alleges that the defendant wrongfully and without lawful authority entered upon the plaintiff's lands, describing them, and there wrongfully, willfully, and knowingly, and without lawful authority, cut down and carried away the trees and timber of this plaintiff, and converted and disposed of the same to his own use, to plaintiff's damage in the sum of, etc., and thereby the defendant, by force of the above section, became liable to pay to plaintiff treble the amount of said damages, to-wit, etc.

All that portion of the answer purporting to be a further and separate answer was stricken out on demurrer, leaving the answer merely a traverse of the material allegations of the complaint.

By the bill of exceptions, it appears that the plaintiff, after proving its ownership of the land upon which the alleged trespass was committed, called the defendant as a witness, who testified that he cut down thirteen sugar pine trees on said lands; that the timber was sufficient to make sixty thousand or seventy thousand shingles, if it could all be worked up, which he did not know could be done; that he made therefrom forty thousand shingles, which were worth two dollars to two dollars and fifty cents on the ground, and worth three dollars at Myrtle creek, where he sold some of them; that he had not worked up all the timber he had cut down, but he did not testify that more shingles could have been made; that sixty dollars was the value he put on the timber; the land was not damaged in any other way than by the loss of timber cut from it; that the timber in the trees was worth seventy-five cents per thousand for shingles, and that the trees had no other value than for shingles. No other witness testified to a less number of trees cut, or to as low value of the same.

The plaintiff asked the court to instruct the jury that the measure of damages that plaintiff was entitled to recover in this case was the value of the timber after it had been

manufactured into shingles. The court refused to give this instruction, and plaintiff excepted. The court then instructed the jury that the measure of damages was the value of the timber in the trees before it was cut down or manufactured into shingles, to which instruction the plaintiff excepted. The jury by its verdict found for the plaintiff, upon which the court gave judgment for treble the amount of such verdict.

The statute under which this action was brought, provided that whenever any person shall cut down, or carry away any tree, timber, etc., on the land of another person, without lawful authority, he shall be liable in an action by such other person, in treble damages. If the trespass was casual, or involuntary, or the defendant had probable cause to believe the land was his own, and in some other cases, the remedy is confined to single damages. (Hill's Code, §§ 338, 339.) As there is no pretense or claim that the alleged trespass was committed on account of any of the causes specified in the latter section, or otherwise than as a willful trespass, the consideration of the defenses to which it relates must be regarded as eliminated. When the damages for the trespass are ascertained by the jury, guided by the correct rule of law, there is no dispute but what such damages should be trebled. The difference between counsel relates only to the question, whether the rule of damages was correctly given to the jury. To ascertain what this rule is in such cases, on account of its importance to the interests of the plaintiff, was the reason assigned for the appeal; otherwise the determination already reached was satisfactory, or at least a matter of indifference to the plaintiff in the present case. The record discloses that the land was not damaged in any other way than by loss of the timber and trees cut from it; that is, whatever injury accrued to the freehold was caused wholly by the removal of the trees, and not from any other act or acts of trespass. The injury, then, which the plaintiff actually suffered arises out of the cutting down and carrying away of the timber, and whatever the amount

of this injury is, would fix the true measure of damages. This would necessarily include the value of the timber and the damages, if any, which accrued to the freehold by their removal.

Under a statute of like import, Campbell, J., said: "The statute in question is not framed to protect possessory rights, but was made to give the owners of the fee a right to sue in the form of trespass for the enumerated injuries to their inheritance. If the tenant in possession, whether owner or not, seek damages for the disturbance of rights merely possessory, he is still left to his common law action. But here the damages which are allowed to be trebled, are not damages to the temporary possession, but to the freehold." And further, in relation to the rule of damages, he also said: "The statute, fairly construed, would include not merely the value of the timber or wood cut, but such damages as accrued to the freehold by their destruction. When the action is merely for carrying away timber already cut, the damages could not well go beyond its value; but where standing trees are cut down, the rule of damages should fairly be the amount the estate is diminished by their destruction." (*Achey* v. *Hull*, 7 Mich. 430.) In *Skeels* v. *Starrett*, 57 Mich. 350, it was held that damages in the statutory action for cutting and taking away timber include the injury done to the freehold thereby. Likewise, in the later case of *Miller* v. *Wellman*, 75 Mich. 359, Long, J., said: "If the jury should find that the plaintiff was the actual owner of the land at the time of its taking, then the measure of the damages would be the value of the timber standing upon the land, and the diminished value of his estate, if any, by reason of its removal." (3 Suth. Dam. 374.) There is no controversy in the case at bar about any injury to the freehold, or any diminution of its value. What the plaintiff is seeking to establish is, that the rule of damages which the court applied was erroneous in declaring the value of the timber in the trees, before it was cut down or manufactured into shingles, was the measure of damages, instead of the

value of the timber after it had been manufactured into shingles. The difference is as to what rule shall be applied in the measurement of the damages: the value of the timber in the tree, or when manufactured into shingles. The court below thought it was the former, and so charged. The counsel for the plaintiff insists that it is the latter, and that the charge was error. His contention is, that where the removal of the timber and its conversion into shingles has been willful and intentional, the plaintiff is entitled to recover its enhanced value, or without any deduction for the labor and expense bestowed.

In actions of trover, the doctrine is well maintained and established that where property is tortiously taken and converted, the wrongdoer will not be allowed to profit by his wrongful conduct, or to receive compensation for the labor and expense bestowed upon it. Hence, he claims that the measure of damages for the shingles the defendant had manufactured from the timber which he had willfully and tortiously cut upon the plaintiff's land should be the value of the shingles without any deduction for the labor and expense of the defendant. This is the doctrine of punitive damages, intended for the protection of owners of chattels and as a warning to willful trespassers who interfere with their rights of property. It has no application when the property has been taken under a mistake or when the trespass has not been willful and intentional. In such cases, the defendant being guilty of no intentional wrong, the weight of authority is, that he will be liable only for the value of the property before he had bestowed any labor or expense upon it. In the first case where the trespass has been willful or the property has been tortiously taken, the action carries its punishment by depriving the wrong-doer of the labor and expense bestowed upon it and giving the rightful owner its enhanced value; while in the other, there being no wrongful purpose in the taking, and just compensation for the injury actually suffered being the object of the law, in such action the value of the property

with such other damages to the land, if any, is the measure of the damages. This doctrine is fully illustrated by various cases in note to *Baker* v. *Wheeler*, 24 Am. Dec. 71; 5 Am. & Eng. Ency. Law, 37; *Winchester* v. *Craig*, 33 Mich. 205.

As the trespass of the defendant was willful, the plaintiff seeks to apply the rule of punitive damages, and to require the jury to find that the plaintiff is entitled to the value of the timber enhanced by the labor and expense bestowed upon it in converting it into shingles; that is to say, the plaintiff does not seek in trover for willful conversion to recover as punitive damages the value of the timber after it has been manufactured, but it seeks in this action under the statute to have that rule of punitive damages applied or declared as the measure of damages, so that when found by the jury, it may recover as treble damages three times the value of the timber after it has been manufactured into shingles.

As the statute is punitory in giving treble damages, and the measure of damages found by the rule invoked would be alike punitory, the result would be not treble damages, but treble punitory damages for the willful trespass complained of. It is apprehended that the error into which counsel has fallen lies in not keeping in mind that the action which the plaintiff has brought is under the statute for treble damages, and not the ordinary action in trover for the tortious taking of its property, whereby indemnity and punishment of the defendant is sought in punitive damages. Under the statute, the damage is the amount of injury actually suffered from the willful wrong; and when found for the plaintiff, then judgment shall be given for treble the amount of damages. In *Shepard* v. *Gates*, 50 Mich. 498, under a statute allowing treble damages for injuries to highways, CAMPBELL, J., said: "That the damages allowed to be trebled can be no more than would have sufficed at the time of the injury to put the road in its former condition." It is the actual damages suffered which

are trebled when the trespass is willful and intentional. When the trespass in the enumerated cases is not willful but casual or involuntary, only single damages are allowed. The distinction is, that when the trespass is casual or involuntary, single damages are given; but when the trespass is willful, they are trebled.

As no more than just compensation for the injury is sought as against the trespasser whose wrong is casual or involuntary, the statute as against the willful trespasser who disregards the rights of property of the owner, visits him with treble such damages. As the damages allowed to be trebled are only such as are compensatory for the injury sustained, and only become punitory when trebled for willful trespass, there was no error in refusing the instruction asked, nor in the instruction given, as applied to the facts disclosed by this record.

There being no other question necessary to be considered in this opinion, it results that the judgment must be affirmed.