Argued October 28, modified December 7, 1915.

## McHARGUE *v.* CALCHINA.

(153 Pac. 99.)

**Trespass—Realty—Damages—Statute.**

1. Under Section 346, L. O. L., making any person, cutting or carrying off trees from the land of another without lawful authority, liable for treble the damages claimed or assessed therefor, the cutting or removal, if accidental, permits a recovery of only actual damages, but, if willful, is ground for the recovery of treble damages.

[As to statutory penalties for cutting, destroying or carrying away timber, see note in 1 Am. St. Rep. 496.]

**Pleading—Sufficiency of Complaint—Aider by Verdict.**

2. Under such provision, a complaint alleging that defendant unlawfully went on plaintiff's land and cut and removed trees, but not alleging that such acts were done willfully or intentionally, not challenged by a demurrer, was sufficient after verdict, as a verdict, while not supplying a material averment, will cure a defective statement.

**Pleading—Liberal Construction.**

3. A complaint, not challenged by demurrer, should be liberally construed.

**Trial—Motion for Directed Verdict—Construction as Motion for Nonsuit.**

4. Where the complaint alleged defendant's unlawful cutting and removal of trees from plaintiff's land, entitled plaintiff, under Sec-346, L. O. L., to treble damages, and for a second cause of action alleged that defendant, before his warranty deed to plaintiff, had conveyed a strip out of the land by warranty deed, and had induced plaintiff to believe that a dwelling was wholly on the premises to be conveyed to him, when in fact it was not, and its removal would cost $100, and the answer denied each averment of the complaint and alleged that the strip was used as a public highway, defendant's motion for a directed verdict, because of plaintiff's failure to offer evidence sufficient to constitute his causes of action, would be treated as an application for a judgment of nonsuit.

**Appeal and Error—Modification of Judgment.**

5. Under Section 346, L. O. L., making one cutting or carrying off trees from the land of another without lawful authority liable for treble the amount of damages claimed or assessed, the burden was on plaintiff to prove the willfulness of the trespass, and to show by a preponderance of the evidence that all sums in excess of the actual damages were recoverable, and where there was no proof of the trespass, except as it might be inferred from his ownership of the premises and the cutting and removal, a judgment for treble damages would be remitted.

**Trespass—Realty—Presumption—Rebuttal.**

6. In such case, a presumption of an unintentional trespass would arise from a vendor's cutting and removing of trees after his conveyance without reservation, which in an action for the trespass he could rebut only by allegation and proof of some license or authority exempting him from liability.

**Covenants—Breach of Warranty—Area of Premises.**

7. A grantor by warranty deed, who had previously conveyed a strip over the granted premises, used as a county highway, was liable for a breach of his covenant of general warranty.

**Covenants—Breach of Warranty—Damages.**

8. In such case, where the grantee sustained a substantial loss in area by reason of an easement of a public way through the premises conveyed, the detriment was sufficient to authorize his recovery of more than nominal damages.

**Highways—Easement—Reverter.**

9. A county, using a strip of another's land as a public highway, thereby obtained only an easement, the fee remaining in the owner; and on abandonment of the highway the owner, or his heirs and assigns, would take discharged of the easement.

[As to highways established by prescription, see note in 57 Am. St. Rep. 744.]

From Union: John W. Knowles, Judge.

In Banc.    Statement by Mr. Chief Justice Moore.

This is an action by J. H. McHargue against Alex Calchina and was commenced in a Justice's Court of Union County.

The complaint alleges, in effect, that on February 25, 1914, the defendant, by a general warranty deed sold and conveyed to the plaintiff the west ½ of the southeast ¼, and the southwest ¼ of the northeast ¼ of section 15, in township 2 south, range 37 east of the Willamette Meridian, at the agreed price of $35

per acre, of which premises the plaintiff has ever since been, and now is, the owner and in the possession thereof, except a strip 20 feet wide off the east side thereof; that about March 6, 1914, the defendant, without license or authority, went upon the plaintiff's land and unlawfully cut down and removed two pine trees then growing thereon, and appropriated the logs to his own use, to plaintiff's loss in the sum of $6, whereby he is entitled, under Section 346, L. O. L., to treble damages. For a second cause of action it is averred, in substance, that long prior to February 25, 1914, the defendant, by warranty deed then duly recorded, sold and conveyed to J. A. Russell such 20-foot strip, containing 1.8 acres, of the value of $65; that upon the real property first described is a dwelling, 24 feet square, which the defendant, at the time of such purchase, caused the plaintiff to believe was wholy upon the premises intended to be conveyed, but that 8 feet of the structure extends upon such strip, and that to remove it therefrom will cost $100. Judgment is demanded for these several sums.

Each averment of the complaint is denied by the answer except as thereinafter admitted. For a separate defense to the second cause of action a conveyance of the land to the plaintiff is conceded by the answer, which avers, in effect, that at and prior to the time of such grant there was and now is a county road, open, visible and notorious, extending along the specified strip that was conveyed to J. A. Russell, which narrow tract, long prior to February 25, 1914, had been regularly dedicated to and appropriated by Union County and used by it as a public highway.

The defendant secured in the Justice's Court a judgment in his favor, and the plaintiff appealed. The cause was retried in the Circuit Court, where the jury

returned special verdicts finding the value of the trees taken to be $3.62; the worth of the 20-foot strip, $30.14; and the cost of moving the house, $14. From a judgment, rendered on these verdicts, for three times the value of the trees, and for the other items as found, the defendant appeals to this court.     Modified.

For appellant there was a brief and an oral argument by *Mr. R. J. Green.*

For respondent there was a brief and an oral argument by *Mr. John P. Rusk.*

Opinion by Mr. Chief Justice Moore.

After the plaintiff had introduced his evidence in chief and rested, a motion for a directed verdict for the defendant, on account of an alleged failure to establish the averments of the first or second cause of action, was interposed and denied. When the cause was submitted the defendant's counsel again moved for a directed verdict for his client, on the grounds: (1) That the complaint did not state facts sufficient to constitute the first cause of action; (2) that no evidence had been received to establish the averments thereof; (3) that the complaint did not state facts sufficient to constitute the second cause of action; (4) that the uncontradicted testimony shows the plaintiff had never been evicted, and hence he was entitled to nominal damages only by reason of the existence of the road, or by the house being partly thereon; (5) that the testimony conclusively shows that plaintiff received and now holds possession of the granted premises, and had not been damaged in any sum whatever; and (6) that the land so conveyed contains more than 120 acres.

This motion was also denied, and it is contended that errors were thereby committed.

1–3. It is argued by defendant's counsel that it was incumbent upon the plaintiff to allege, in the first cause of action, that the trees were taken willfully and without lawful authority, and to have offered competent testimony to substantiate such averments, but, having failed to do so, the motions referred to should have been granted. Section 346, L. O. L., as far as involved herein, reads:

"Whenever any person shall cut down * * or carry off any tree * * on the land of another person * * without lawful authority, in an action by such person * * against the person committing such trespasses, * * if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed therefor, as the case may be."

In construing this enactment it was held that a special finding by a jury that the defendant took and carried away wood and timber unlawfully entitled the plaintiffs to treble damages, though a further finding was made that the defendants had reasonable cause to believe, and did believe, they had authority from the plaintiffs so to take and remove the wood and timber: *Loewenberg* v. *Rosenthal,* 18 Or. 178 (22 Pac. 601). A later decision has modified that harsh rule, and it is now settled that, when the cutting on or the removal from the land of another is accidental or independent of volition, the actual damage inflicted is the measure of the recovery, but when such trespass is willful treble damages may be obtained by an action at law: *Oregon etc. R. Co.* v. *Jackson,* 21 Or. 360 (28 Pac. 74). The adverbs "wrongfully and unlawfully" are the only limiting words employed in the complaint herein to qualify the act of cutting and removing the

trees. It is believed that the expression "willfully" or the word "intentionally," as indicated in the second case cited, should have been used in the complaint to restrict such cutting and removal in order to be entitled to recover treble damages.

As the sufficiency of the complaint was not challenged by a demurrer, the initiatory pleading should be liberally construed, and, though a verdict will not supply a material averment, it will cure a defective statement: *Davis* v. *Mitchell,* 72 Or. 165, 175 (142 Pac. 788), and cases there cited. The complaint as to the first cause of action is sufficient under the circumstances mentioned.

4, 5. In discussing the subject of trespass and the remedy given by statute to recover treble damages for an injury to real property, an author remarks:

"The burden of proof is on plaintiff to prove the elements of the trespass, including his title, the willfulness of the act, and that it was without his consent": 38 Cyc. 1170.

Evidence was received at the trial in the Circuit Court tending to show that the defendant cut and caused to be removed the two trees, and to substantiate the reasonable value thereof; but the plaintiff offered no testimony whatever to establish the willfulness of the trespass, or that it was committed without his consent. The plaintiff's counsel insists that the first motion for a directed verdict did not sufficiently specify the grounds upon which it was predicated, and, this being so, no error was committed in denying the application. This motion will be treated as an application for a judgment of nonsuit. In *Hammer* v. *Campbell Gas Burner Co.,* 74 Or. 126 (144 Pac. 396), it was maintained that an error was committed in refusing to grant a judgment of nonsuit. The bill of exceptions there

showed that plaintiff rested, and "thereupon defendant moved for judgment, which motion was overruled, and defendant allowed an exception."

It was held in that case that as the motion did not ask for a nonsuit, or specify the grounds upon which the application was based, it was insufficient, and raised no question for review. In the case at bar the first motion interposed specified that the ruling desired was based upon the alleged failure of the plaintiff to introduce evidence sufficient to constitute the first or second cause of action. The controverted averments of the complaint showed what facts the plaintiff was required to prove, and when the first motion pointed out that there had been a failure to substantiate such issues the attention of the court was called to the particular defect relied upon.

Treble damages, given by statute for a willful trespass upon realty, are punitive in character. The value of the property injured or destroyed affords indemnity. Whatever additional sum is imposed is in the nature of a penalty, and before it is inflicted in a civil action, the preponderance of the evidence should show that all sums in excess of the actual damages inflicted were properly recoverable under the terms of the enactment. In the case at bar, it will be remembered that the jury found the value of the trees so cut and removed to be $3.62. The judgment rendered on this special verdict was for the recovery of $10.86, or $7.24 more than the actual value of the timber taken. No testimony was offered by the defendant tending to show that any license had been granted him to cut or remove the trees, nor was there any proof of a trespass, except so far as it might be inferred from the plaintiff's ownership of the premises and the cutting and removal of the logs. The burden of proof being

on the plaintiff to establish the elements of the trespass, the willfulness of the act, and that it was without his consent, he signally failed to make out a case sufficient in these particulars to be submitted to the jury. The defect in the testimony was called to the attention of the court in such a manner as to make a denial of the first motion erroneous, so far as it related to the first cause of action. The judgment for the penalty is for a small sum; but as the trespass alleged to have been committed in cutting and removing the trees has not been established with that degree of proof required to authorize the recovery of treble damages, the excess of $7.24 must be remitted.

6. A presumption of an unintentional trespass ought to arise from a vendor's cutting and removing timber after he has conveyed, without reservation, the land upon which the trees grew. If he desires to rebut such deduction, it is incumbent upon him, when charged in a complaint in a civil action with a commission of the act, to allege in his answer and to prove at the trial some license or authority in the exercise of which he is exempt from liability: 38 Cyc. 1170. Not having done so, the defendant is properly chargeable with the sum of $3.62, the actual value of the trees as found by the special verdict.

7-9. The defendant's prior conveyance to J. A. Russell of a strip of land, though such narrow tract was dedicated to and appropriated by Union County as a public highway, diminished the area of the premises described in the deed delivered to the plaintiff, whereby he was damaged in the sum of $30.14, as found by the jury. That such strip was being used as a public road when the plaintiff examined the premises with a view of securing a title thereto is of no consequence, for only

an easement was obtained by the county, the fee remaining in Russell, and if the highway be abandoned he, or his heirs or assigns, will be restored to the original estate: *Lankin* v. *Terwilliger,* 22 Or. 97 (29 Pac. 268); *Huddleston* v. *Eugene,* 34 Or. 343 (55 Pac. 868, 43 L. R. A. 444); *John P. Sharkey Co.* v. *City of Portland,* 58 Or. 353 (106 Pac. 331, 114 Pac. 933).

Not having reserved such strip when the warranty deed was executed for the entire tract, the defendant is liable for a breach of the covenant of general warranty, for the plaintiff never secured possession of any of the highway, except that part which was encroached upon by the dwelling. Where a substantial loss has been sustained, other than an outstanding paramount title, such detriment is sufficient to authorize a recovery of more than nominal damages: *Webb* v. *Wheeler,* 80 Neb. 438 (114 N. W. 636, 17 L. R. A. (N. S.) 1178, and note at page 1185). The fee conveyed to Russell was a substantial loss to a part of the premises attempted to be conveyed to the plaintiff, and it is unimportant whether or not the land described in his deed actually contained more or less than 120 acres. Except for the premises embraced in the Russell deed, the plaintiff took title to the entire tract described in his deed, as laid out by authority of the surveyor general. The area of such realty is to be determined in the manner prescribed for ascertaining the contents of sections like that in the case at bar, which do not border on the north or west lines of a township.

The plaintiff has not been evicted from the dwelling, but he has sustained substantial loss by its encroachment upon the highway, and for that reason is entitled to the damages awarded on account of the road and the house.

The judgment will therefore be modified, by eliminating from the total award $7.24, the amount of the treble damages, and in all other respects affirmed.

Modified.

Mr. Justice Bean and Mr. Justice McBride concur.

Mr. Justice Harris concurs in the result.

Mr. Justice Burnett delivered the following dissenting opinion:

Section 346, L. O. L., establishes a remedy for anyone aggrieved within its terms as follows:

"Whenever any person shall cut down, girdle, or otherwise injure, or carry off, any tree, timber, or shrub on the land of another person, or on the street or highway in front of any person's house, village, town, or city lot, or cultivated grounds, or on the commons or public grounds of any village, town, or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town, or city, against the person committing such trespasses, or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed therefor, as the case may be."

The following section provides for a defense in the nature of mitigation of damages thus:

"If, upon the trial of such action, it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, or that such tree or timber was taken from uninclosed woodland for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall only be given for single damages."

It will be observed that the section first quoted does not contain the term "willful," or any other word indicating a requisite intent. While it is a standard rule that laws imposing a penalty must be construed strictly, it is equally well settled that we cannot import any additional terms into such a statute. There is testimony in the record in this case competent to go to the jury as tending to show that the defendant cut the trees on the land of another, as stated in the complaint. The pleading alleges the act within the terms of the statute, and there is evidence supporting the charge as laid; hence the case was properly submitted to the jury on that point.

It is not necessary to anticipate or negative a possible defense either in pleading or in proving. Consequently it would be superfluous for the plaintiff to state that the trespass was willful, or that it was done without his consent, or to offer testimony in chief on those points. It is enough for the plaintiff to show the act of the defendant in cutting down trees on the former's land. If the defendant would escape the treble damages by reason of his trespass being involuntary, or, in other words, an unconscious act on his part, he must properly plead that element, and then prove it, if traversed. Any conscious act of a person may be properly said to have been done willfully. The word is defined thus in Section 2393, L. O. L.:

"The term 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or omission referred to, and does not require any intent to violate law, to injure another, or to acquire any advantage."

It must not be confounded with the word "wantonly" the meaning of which is given in Section 2398, L. O. L.:

"The term 'wantonly,' when applied to the commission of an act, implies that the act was done with a purpose to injure or destroy without cause and without reference to any particular person."

The lexicographers attach substantially the same signification to these words when used in the legal sense. It follows that if the defendant, as stated in the complaint and as the evidence tends to prove, went upon the plaintiff's land and cut down and carried away timber standing thereon, he came within the terms of the statute defining the cause of action, incurring the consequence of treble damages. If the act was casual or involuntary, or if he had probable cause to believe that the land whereon the trees stood was his own, it was matter of defense which he should have pleaded.

For these reasons I dissent from the portion of the opinion by Mr. Chief Justice MOORE in this case, denying treble damages in favor of the plaintiff for the trespass described in his complaint.