Submitted on briefs September 18, modified September 25, 1917.

## MACLEAY ESTATE CO. *v.* MILLER.

(167 Pac. 575.)

**Costs—Cost Bill—Objections.**

1. Sections 569, 570, L. O. L., providing for the taxing of costs and disbursements, declare that no disbursements shall be allowed to any party, unless he shall serve upon such adverse party or parties as are entitled to notice by law, and file with the clerk five days after rendition of judgment, his statement, with · proof of service, if notice to the adverse party is required, showing with reasonable certainty the items of all disbursements, that the statement of disbursements thus filed and costs shall be entered as of course by the clerk as part of the judgment or decree, unless the adverse party, within five days from the expiration of the time allowed to file such statement, shall file his objections thereto, and that, as soon as convenient after objections are filed, the court or judge thereof shall proceed to hear and determine all the issues involved. Defendants served on plaintiff a bill of costs and disbursements, and on the following day plaintiff filed its objections. Several days thereafter, within the time limited, defendants filed their cost bill, which had already been served. *Held,* that as the cost bill was duly filed, and the objections were directed to it, they will not be disregarded because they were filed before the cost bill itself was filed.

**Costs—Allowance—Witness Fees.**

2. Section 566, L. O. L., declares that a party entitled to costs shall recover all necessary disbursements, including the fees of officers

and witnesses. Section 567 declares that in a suit in equity costs and disbursements shall be allowed to the party in whose favor a decree is given in an action. *Held*, that the disbursements are to be confined to what is necessary, and where defendants by their answer showed that a suit apparently to settle a disputed boundary involved a title to land, and that the ordinary action of ejectment was proper, and the court, having sustained their contention, dismissed the suit, defendants are not entitled to claim as costs and disbursements fees paid witnesses.

From Curry: JOHN S. COKE, Judge.

Suit by Macleay Estate Company, a corporation, against Alfred S. Miller, Eva Miller and Elva Wood. On motion of defendants the suit was dismissed and from an order overruling objections to the cost bill, plaintiff appealed. Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi). Modified.

In Banc. Statement PER CURIAM.

This was a suit in equity apparently for the purpose of settling a disputed boundary.

The answer which was unchallenged by the plaintiff made averments showing that the real dispute was as to the title of land included within certain delimitations so that the remedy of the plaintiff, if any, was by the ordinary action of ejectment. With this state of the pleadings before it, the court, sitting in chancery, dismissed the suit on motion of the defendants for want of equitable jurisdiction. Thereupon they served upon the plaintiff a bill of costs and disbursements claiming, among other items, $77.10, for fees of witnesses. The next day after this service, the plaintiff filed its objections to the cost bill attacking the witness fees and claiming also that the filing fee of the defendants was properly $2.50 instead of $5.00. Several days later than this, the defendants filed their cost bill which had been served as stated. Afterwards, the

matter was submitted to the court on the cost bill and objections; whereupon an order was entered to the effect that the objections to the cost bill of the defendants be overruled; but the court did not make or file with the clerk an itemized statement of the costs and disbursements as allowed. From this decision the plaintiff appealed. Modified.

For appellant there was a brief over the name of *Mr. J. C. Johnson.*

For respondents there was a brief by *Mr. Collier H. Boffington.*

Opinion Per Curiam:

1. The procedure relating to demands of this sort and contests thereupon is prescribed in Sections 569, 570, L. O. L. A party claiming costs and disbursements may file his bill without serving the same, unless otherwise required by rule of court, within five days after the rendition of the judgment. After the expiration of that period, but not later than the first day of the next regular term, the statement of disbursements may be filed, but in such case it must be served on the adverse party whether he has appeared or not. Within five days from the expiration of the time allowed to file such a statement the adverse party shall file his objections thereto. The statement of disbursements and the objections constitute the sole pleadings in this ancillary litigation. The court or judge is then required to hear the matter and, as soon as convenient thereafter, shall make and file with the clerk a correct itemized statement of the costs and disbursements as allowed and shall render judgment thereon accordingly for the party in whose favor the same were allowed.

85 Or.—40

This is conclusive as to all questions of fact, but an appeal may be taken from the decision of the court or judge on the allowance and taxation of costs and disbursements on issues of law only.

The service of the cost bill was a notice to the plaintiff of the amount to be claimed by the defendants. It then had five days after the filing of this statement within which to file its objections. Although they were filed before the cost bill itself was filed, yet the objections were in fact before the court as well as the bill itself. If the defendants considered them improvidently filed, their remedy was by motion to strike them out the same as though they had not been properly verified or there was some other objection to the form of the pleading rather than to the substance. With this statement of disbursements on the one hand and the objections thereto on the other in very truth before it, the court should have considered them on their merits in the absence of a motion to strike out the objections as not being filed in the proper time. Of course, if the cost bill had not been filed at all after having been served, the objections would have been inert; but it would be sacrificing substance to form to decline to consider them with the bill filed as it was, in the absence of a motion to strike them out.

2. The court should have made a detailed statement of costs and disbursements proper to be allowed. The judgment was erroneous in this respect and it becomes our duty therefore to make such a correct statement. Section 566, L. O. L., grants to a party entitled to costs the right to recover all necessary disbursements including the fees of officers and witnesses and the like: In a suit in equity, costs and disbursements are allowed to the prevailing party unless the court shall otherwise order: Section 567, L. O. L. The disbursements, how-

ever, are to be confined to what is necessary. In the issue presented to the court the decision of which was determinative of the litigation, no question of fact was involved. The decision rested solely on a matter of law. Witnesses were not at all necessary in the trial of such a dispute. All claim for such items must therefore be disallowed. No error is assigned respecting the objection to the filing fee; hence that matter will not be considered. On the whole case, therefore, from the record before us, we find that the judgment concerning costs and disbursements should be modified and that they should be taxed in favor of the defendants as to the matters occurring in the Circuit Court as follows:

| | |
|---|---|
| Clerk's fees | $ 5.00 |
| Costs | 10.00 |
| Notary's fees | 1.00 |
| Total | $16.00 |

It is so ordered.                                    MODIFIED.