Argued December 6, 1918, affirmed February 4, 1919.

## SIUSLAW TIMBER CO. *v.* RUSSELL.

(178 Pac. 214.)

**Trespass — Treble   Damages — Pleading   and   Proof — "Willfully"—
"Knowingly."**

1.   Under  Sections  346,  347,  L. O. L.,  allowing  treble  damages
against a trespasser cutting timber on the land of another, with pro-
vision for single damages only if on trial it appears the trespass was
committed casually or involuntarily, or with probable cause to believe
the land was trespasser's, to justify treble damages plaintiff must
plead and prove that the acts were committed "willfully," which in
such connection is synonymous with "knowingly."

> [As to statutory penalties for cutting, destroying or carrying
> away timber, see note in 1 **Am. St. Rep.** 496.]

**Costs—Cost Bill—Time of Filing.**

2.   That cost bill, previously served, was filed before judgment was
entered, does not prevent it being the basis for judgment for costs
and disbursements.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.

This is an action brought to recover damages for
willful trespass, in cutting timber upon the lands of
another.   The complaint after alleging the corporate
character of plaintiff and its ownership of certain

lands described therein, which contained merchantable timber growing thereon, avers that the defendant went upon the lands, and cut and hauled away certain timber therefrom, of the value of $163.04. It is then alleged:

"That the said defendant entered upon the said lands willfully and knowingly and cut the said timber and hauled a large portion thereof away for the purpose of cheating and defrauding this plaintiff."

These allegations are followed by a prayer for treble damages in the sum of $489.12.

The answer admits the trespass, but asserts that the defendant had purchased the timber growing upon an adjacent tract of land, and that the party from whom he had purchased showed him where the boundary lines were, and that he acted in good faith, believing that he was cutting his own timber. Defendant admits the cutting and removal of timber to the value of $35.75, for which amount he tenders judgment. A reply having been filed, there was a trial to a jury, which resulted in a verdict for the plaintiff in the sum of $46.95. This verdict was returned on October 20, 1916, and the court made an order directing the clerk not to enter the judgment until the further order of the court. On October 26, 1916, defendant filed his cost bill, and on April 4, 1917, judgment was entered in the following form:

"This matter coming on to be heard this 4th day of April, 1917, upon the motion of the plaintiff herein for judgment on the verdict in said cause,

"And it appearing from the record and files herein that the jury in said cause rendered the verdict on the 20th day of October, 1916, in favor of the plaintiff and against the defendant for the sum of $46.95, and it further appearing to the Court that on October 26, 1916,

the defendant herein filed his cost bill against the plaintiff for the sum of $96.20;

"And the court at the time of receiving said verdict, having by order deferred the entry of judgment upon said verdict pending a determination of the rights of the parties pursuant thereto, and the Court, after argument, now being fully advised in the matter, does find that the plaintiff is entitled to judgment against the defendant for the sum of $46.95, the amount found by the jury, and that the defendant is entitled to a judgment against the plaintiff for the amount of his costs as taxed in the sum of $96.20.

"Now, therefore, it is hereby ordered, adjudged and decreed, that the plaintiff do have and is hereby awarded a judgment against the defendant for the sum of $46.95.

"And it is further ordered, adjudged and decreed that the defendant do have and is hereby awarded judgment against the plaintiff for his costs herein in the sum of $96.20."

Plaintiff appeals.                      Affirmed.

For appellant there was a brief over the name of *Messrs. Williams & Bean,* with an oral argument by *Mr. John M. Williams.*

For respondent there was a brief and an oral argument by *Mr. O. H. Foster.*

BENSON, J.—1. Counsel for plaintiff presents two propositions upon the basis of which it is urged that the judgment of the trial court should be reversed. The first of these challenges the propriety of an instruction given to the jury by the court in the following language:

"The terms 'willfully' and 'knowingly' as used in this connection mean, that the defendant at the time

of the trespass must have known where the true boundary line of the plaintiffs' lands was and must have entered upon the lands of plaintiff and cut the timber therefrom with such knowledge, and with the intention of cutting the timber from plaintiff's lands.''

The complaint herein is based upon the provisions of Sections 346 and 347, L. O. L., which read thus:

''Whenever any person shall cut down, girdle, or otherwise injure, or carry off, any tree, timber, or shrub, on the land of another person, or on the street or highway in front of any person's house, village, town, or city lot, or cultivated grounds, or on the commons or public grounds of any village, town, or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town, or city, against the person committing such trespasses, or any of them, if judgment be given for the plaintiff it shall be given for treble the amount of damages claimed, or assessed therefor, as the case may be.

''If, upon the trial of such action, it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, or that such tree or timber was taken from uninclosed woodland for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall only be given for single damages.''

The interpretation of these sections, by this court, will be found in the case of *McHargue* v. *Calchina,* 78 Or. 326 (153 Pac. 99), wherein it is held that in order to justify a judgment for treble damages the plaintiff must plead and prove that the acts of which he complains were willfully committed. In statutes of this nature, the word ''willfully'' is synonymous with ''knowingly'': *Fry* v. *Hubner,* 35 Or. 184 (57 Pac.

420); 8 Words & Phrases, 7474.   It would therefore
seem to be quite clear that the instruction is in har-
mony with the views expressed by Mr. Justice Moore
in *McHargue* v. *Calchina,* 78 Or. 326 (153 Pac. 99).
Counsel for plaintiff insists that it places too great a
burden upon the moving party, and calls our atten-
tion to some cases decided by the Supreme Courts of
Illinois and Mississippi which, in a measure, appear
to support his view.   This view is not sustained, how-
ever, when we learn that in neither of the states from
which the citations come is there any provision in the
statute similar to that of Section 347, L. O. L., and
therefore those courts were treating of matters in
mitigation of penalties, and matters of defense.
Whatever may be the conclusion in other jurisdictions,
it is settled in this state that the burden is upon the
plaintiff to establish the trespass, and that it was com-
mitted by the defendant with knowledge that he was
trespassing, before there can be a recovery of the
penalty of treble damages.   We conclude that the in-
struction is not erroneous.

2. The second point urged is, that since the defend-
ant's cost bill was filed before the judgment was en-
tered, it was prematurely filed, and cannot be the basis
of a judgment for costs and disbursements.   We have
not been able to find any authorities directly in point
upon this question, nor has our attention been called
to any; but we think that the reasoning in *Macleay
Estate Co.* v. *Miller,* 85 Or. 623 (167 Pac. 575), is appli-
cable here.   In that case, the court having dismissed
the suit for want of equitable jurisdiction, the defend-
ants served upon the plaintiff a cost bill and the next
day it filed its objections thereto.   Several days later
the defendants filed their cost bill which had been pre-

viously served.    Upon this subject the opinion in that case says:

"The service of the cost .bill was a notice to the plaintiff of the amount to be claimed by the defendants.    It then had five days after the filing of this statement within which to file its objections.    Although they were filed before the cost bill itself was filed, yet the objections were in fact before the court as well as the bill itself.    If the defendants considered them improvidently filed, their remedy was by motion to strike them out the same as though they had not been properly verified or there was some other objection to the form of the pleading rather than to the substance."

Finding no error, the judgment is affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.