Argued and submitted May 26, 1982, affirmed in part, reversed in part and remanded March 2, 1983

SINSEL et al,
*Respondents,*
*v.*
HENDERSON et al,
*Appellants.*
(41340; CA A22316)
660 P2d 1072

Dean M. Quick, Albany, argued the cause for appellants. With him on the briefs was Weatherford, Thompson, Brickey & Powers, P.C., Albany.

Carl H. Brumund, Salem, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

.

## ROSSMAN, J.

This case involves an alleged timber trespass and conflicting claims of title to property from which timber was taken. The trial court awarded plaintiffs double damages for timber trespass, ORS 105.815, and dismissed defendants' counterclaim and suit to quiet title to the property on the ground of adverse possession. Defendants contend that the trial court erred (1) in denying their motion for a directed verdict on the adverse possession claim and dismissing their counterclaim and suit to quiet title and (2) by using the timber's enhanced value as the base for determining the damages awarded plaintiffs. We have reviewed the record *de novo* and conclude that defendants have not established by clear and convincing evidence that they have acquired title to the disputed tract by adverse possession.[1] However, we reverse and remand on the issue of damages.

■ The parties do not dispute that the trespass was not wilful or that, in such cases, ORS 105.815 applies:

"If, upon the trial of an action included in ORS 105.810, it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, or that the tree or timber was taken from uninclosed woodland for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall be given for double damages."

At trial, the parties stipulated to the amount, value and logging costs of the timber taken by defendants:

(a) *Fir* - 3,100 board feet net at $190 per 1,000 board feet, $589.

(b) *Spruce* - 3,550 board feet net at $85 per 1,000 board feet, $301.75.

(c) *Hemlock* - 2,510 board feet net at $85 per 1,000 board feet, $213.35.

(d) *Logging costs* - $80 per 1,000 board feet for all timber taken, $732.80.

---

[1] Plaintiffs do not dispute the finding of the trial court that title to the "southeast corner" of plaintiffs' property *was* in defendants by adverse possession.

(e) *Two logs* - (left by defendants) salvage value, $100. The $100 salvage value should be deducted *after* the doubling of damages required by statute.

In determining plaintiffs' award, the trial court added the stipulated value of the timber to the amount by which its value had been enhanced by defendants' harvesting of it, as represented by the logging costs, and then doubled that sum. We agree with defendants' contention that it was error to include the logging costs in the calculation.

■     In enacting ORS 105.815, the legislature accepted the injured party's *actual damages* as the "base" for the calculation of the damage award in cases of wrongful, nonwilful taking of trees. *Kinzua Lbr Co. v. Daggett et al,* 203 Or 585, 607, 281 P2d 221 (1955). The parties agree that the proper formula to use in assessing damages under ORS 105.810 and 105.815:

> "* * * [D]etermine the *actual damage to the freehold,* then double or treble *such damages,* as the facts of the case may indicate, then allow such sums in mitigation as may be appropriate * * *." *United States v. Firchau,* 234 Or 241, 252, 380 P2d 800 (1963). (Emphasis supplied.)

The ordinary measure of damage in a timber trespass case is the difference between the value of the land before and its value after the trespass. *United States v. Firchau, supra,* 234 Or at 248. The net value of the timber before severance, or "stumpage value," is sufficient evidence of the depreciation in value. *See Pedro v. January,* 261 Or 582, 598, 494 P2d 868 (1972); *O. & C. R.R. Co. v. Jackson,* 21 Or 360, 363-65, 28 P 74 (1891); *see also United States v. Firchau, supra,* 234 Or at 248-49. However, the injured party may also demand damages, if any had been suffered, "for injury to young growth, for costs of slash disposal, and the like." *United States v. Firchau, supra,* 234 Or at 249.

■     In this case, plaintiffs claim no injury to their property other than the loss of the timber. Thus, the question is whether plaintiffs' *actual damage* is $1104.10, presumably the value of the trees before they were logged, or $1836.90, the value of the trees *plus* the logging costs. In making that determination, it must be remembered that the "overriding purpose" of ORS 105.815 is to award the victim of the trespass adequate compensatory damages, *Kinzua*

*Lbr Co. v. Daggett et al, supra,* 203 Or at 606-07, although we recognize that the legislature also intended thereby "to put tree cutters on notice that they cut beyond their boundaries at their peril." *United States v. Firchau, supra,* 234 Or at 251.

Plaintiffs do not explain the connection between defendants' expenditures (or the market value of the timber after harvesting) and plaintiffs' actual damages, and we see none. Regardless of the logging costs, the extent of the injury plaintiffs claim — the loss of standing timber — remains the same; *i.e.,* the depreciation in the value of plaintiffs' land does not vary with those expenses. In *O. & C. R.R. Co. v. Jackson, supra,* there was no dispute that the damages should have been trebled, as then provided by Hill's Code, § 338; the question was, as it is here, what should be the base for the calculation. The plaintiff's land was not damaged, other than by the loss of the trees cut from it, and the defendant had manufactured approximately two-thirds of the timber taken into shingles, the trees apparently having value only for that purpose. The trial court refused to give the plaintiff's requested instruction that the measure of damages was the value of the timber *after* it had been made into shingles and, instead, instructed the jury that the measure of damages was the timber's value *before* it was logged or made into shingles. The Supreme Court affirmed the judgment for treble that amount and expressed principles that are applicable to the present case:

> "* * * It is apprehended that the error into which counsel has fallen lies in not keeping in mind that the action which the plaintiff has brought is under the statute for treble damages, and not the ordinary action in trover for the tortious taking of its property, whereby indemnity and punishment of the defendant is sought in punitive damages. *Under the statute, the damage is the amount of injury actually suffered from the willful wrong; and when found for the plaintiff, then judgment shall be given for treble the amount of damages.* * * *
>
> "As no more than just compensation for the injury is sought as against the trespasser whose wrong is casual or involuntary, the statute as against the willful trespasser who disregards the rights of property of the owner, visits him with treble *such* damages. *As the damages allowed to*

*be trebled are only such as are compensatory for the injury sustained, and only become punitory when trebled for willful trespass, there was no error in refusing the instruction asked, nor in the instruction given, as applied to the facts disclosed by this record."* 21 Or at 366-67. (Emphasis supplied.)

Although a later form of the statute is involved, the principles are the same and we see no reason to follow a different rule in this case. Plaintiffs' only injury is that caused by the loss of the timber. Nothing in the record indicates that as a result of that loss plaintiffs suffered actual damage greater than the stipulated value of the timber itself. That amount is the proper base for computing double damages under ORS 105.815. Plaintiffs' damages, therefore, are calculated as follows:

| $1,104.10 | (stipulated value of timber *not* including logging costs) |
| × 2 | (ORS 105.815) |
| $2,208.20 | |
| − 100.00 | (salvage value of trees left by defendants) |
| $2,108.20 | (total damages) |

This is not to say that additional actual damages in a greater amount could not have been alleged or that, in other cases where the loss of timber is the only injury, the only damage can be the stumpage value.[2]

Affirmed in part; reversed in part; and remanded for entry of a judgment for plaintiffs in the amount of $2,108.20, with interest at the legal rate from the date of entry of the original judgment, plus costs and disbursements in the sum of $302.30.

---

[2] *See Pearce v. G. R. Kirk Co.,* 92 Wash2d 869, 602 P2d 357 (1979). There, the court noted that an award of only the stumpage value to a property owner who had proved that she had planned to cut Christmas trees and sell them at a profit would deny full compensation for actual loss and held that the profits could be awarded and trebled (by statute) in an action for wrongful and wilful taking of trees.