Argued January 19, affirmed March 16, 1955

KINZUA PINE MILLS COMPANY *v.*
DAGGETT ET AL.
281 P. 2d 231

*Bruce Spaulding* argued the cause for appellants. On the brief were Wilbur, Mautz, Souther & Spaulding and Gordon Moore, all of Portland.

*George H. Brewster,* Redmond, and *George L. Dukek,* Fossil, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

ROSSMAN, J.

This is an appeal by the defendants from a decree of the circuit court which granted the plaintiff (1) an

injunction against further trespasses by the defendants, and (2) a judgment against defendants in the sum of $3,844 upon the first cause of suit and in the sum of $3,714.27 upon the second. In explanation of those two sums, we quote the following from the challenged decree:

"It further appearing that the defendants have cut, and/or removed from the premises set forth in plaintiff's first cause of suit timber of a fair market value, and stipulated value of $1,922.00, and has caused plaintiff other damage which defendants stipulate and agree to pay in the amount of no dollars, and nothing shall be allowed therefor. It further appears to the court that plaintiff is entitled to double damages upon its first cause of suit which doubled is the sum of $3,844.00; it further appearing as to plaintiff's second cause of suit that the defendants have cut and/or removed from said premises timber of a fair market value of $3,435.45 and has caused plaintiff other damage for surveying and slash disposal in the amount of $557.65, one-half of which shall be paid by defendants * * *."

The challenged decree was based upon a stipulation which, referring to the first cause of suit, stated that the defendants entered upon the plaintiff's land without authority and cut and removed therefrom 75,440 feet of Ponderosa pine and 4,800 feet of fir. According to it, the reasonable value of the pine was $25 per thousand feet and that of the fir $7.50 per thousand feet. It declared: "The amount of money from the logs cut from plaintiff's land in the first cause of suit is $1,992.00." Referring to the second cause of suit, the stipulation declared that the plaintiff was the owner of the timber upon which that cause of suit was based, but that it "was not the owner of the land." Continuing, the stipulation said: "The defendants did wrongfully and without authority from plaintiff, enter

upon'' the land where that timber stood and ''did cut and convert to their own use 135,654 feet of Ponderosa pine and 5,880 feet of fir,'' having, respectively, the following values: $25 a thousand for the pine and $7.50 a thousand for the fir.

The stipulation of facts which we have mentioned agreed that

"The plaintiff was the owner of the lands and timber described in the first cause of suit, and was the owner of the timber only upon the loss described in the second cause of suit.

\* \* \* \* \*

"It is further stipulated that this suit is in equity and shall be so considered by the parties. \* \* \*

"It is further stipulated that the question of double damages shall be left for the determination of the Court, to determine whether or not in a suit in equity, the statutory provisions of sections 8-406 and 8-407, Oregon Compiled Laws Annotated, are applicable, or whether plaintiff can only recover single damages.

\* \* \* \* \*

"It is stipulated that as to plaintiff's second cause of suit, single damages only can be allowed for the reason that plaintiff was not the owner of the land, but the owner of the timber only.''

The stipulation mentioned sums of money which the plaintiff spent for a survey of the land, for a cruise of the timber which was cut and for the destruction of slashings. Since this phase of the case is not in issue upon this appeal, we need go no further with it.

None of the foregoing amounts is in controversy. The sole issue presented by this appeal is this: when the chancellor, by virtue of legislation which we will presently mention, doubled the aforementioned sum of $1,922 and thereby reached the sum of $3,844, for which

he rendered judgment, did he impose a penalty contrary to the canons of courts of equity.

Sections 8-406 and 8-407, OCLA, aforementioned, are now ORS 105.810 and 105.815. The challenged decree awarded no relief under the section of our laws first cited. ORS 105.815 follows:

"If, upon the trial of an action included in ORS 105.810, it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, or that the tree or timber was taken from uninclosed woodland for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall be given for double damages."

The defendants-appellants deem the section of our laws just quoted as punitory and, after so construing it, challenge the decree entered by the circuit court by arguing that a court of equity never awards a penalty. Thus the issue submitted by this appeal is the same as that which we resolved today in *Kinzua Lumber Co. v. Daggett, et al.* The two appeals were presented concurrently and by the same briefs.

The outcome of *Kinzua Lumber Co. v. Daggett, et al.* controls the decision of this appeal. In that decision we held that the double award authorized by ORS 105.815 is not a penalty, but represents accumulative damages. We affirmed a challenged decree containing such an award.

The decree of the circuit court and its accompanying judgment is affirmed.