Argued February 7, modified May 17, 1973

CHASE et ux, *Respondents, v.* HENDERSON,
*Appellant.*

509 P2d 1188

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for appellant.

*Robert D. Woods,* Eugene, argued the cause for respondents. With him on the brief were Riddlesbarger, Pederson, Young & Horn, Eugene.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOWELL and BRYSON, Justices.

DENECKE, J.

Plaintiffs recovered a judgment for damages to their annual pole bean crop allegedly caused by the drift of a chemical spray which defendant applied from a helicopter to a nearby pasture. Defendant appeals.

■ The case was submitted to the jury upon the theory of unintentional, non-negligent trespass. In *Loe v. Lenhardt,* 227 Or 242, 362 P2d 312 (1961), we specifically held that the spraying of chemicals was an ultrahazardous activity and the sprayer was liable if the chemicals went on another's land and caused damage regardless of the absence of intention or negligence. Defendant's attempts to distinguish *Loe v. Lenhardt,* supra (227 Or 242), are unsuccessful.

Being of the opinion that ORS 105.815 applied, the trial court doubled the actual damages found by the jury. Defendant contends that statute is not applicable.

■ After the trial in this case we decided *Meyer v. Harvey Aluminum, Inc.,* 263 Or 487, 501 P2d 795, 799-800 (1972). We held ORS 105.810, the companion statute to ORS 105.815, did not permit the trebling of damages. In that case the plaintiffs' fruit crop and trees were allegedly damaged by emissions from the defendant's aluminum plant. The same considerations which caused us to conclude that treble damages were not allowable in such a case cause us to conclude that double damages are not allowable in this case.

Modified with instructions to enter judgment in the amount awarded by the jury.