Argued and submitted December 19, 1996, reversed and remanded on appeal; judgment for attorney fees vacated on cross-appeal March 5, Wyatt's petition for review allowed May 20 (325 Or 367)
See later issue Oregon Reports

David Jay WYATT,
*Appellant - Cross-Respondent,*

*v.*

Kerry SWEITZ,
*Respondent - Cross-Appellant.*

(94-3834; CA A91998)

934 P2d 544

─────────────────

Mark W. Potter argued the cause for appellant - cross-respondent. With him on the briefs was Walker & Potter.

Jeffrey W. Hansen argued the cause for respondent - cross-appellant. With him on the brief was Smith, Freed, Heald & Chock.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiff appeals, assigning error to the trial court's allowance of partial judgment on the pleadings, ORCP 21 B, against his claim for "casual or involuntary" timber trespass, ORS 105.815. Defendant cross-appeals, assigning error to the trial court's allowance of attorney fees, pursuant to ORS 20.080, after plaintiff prevailed on a separate claim for intentional trespass to land. We conclude that plaintiff's pleadings pertaining to damage caused by defendant's pickup sufficiently alleged "casual or involuntary" timber trespass; consequently, we reverse and remand on the appeal. We further conclude that, because the total demand of plaintiff's original complaint exceeded $4,000, plaintiff was not entitled to attorney fees under ORS 20.080 and, consequently, we reverse on the cross-appeal.

This case arises from defendant's alleged unlawful entry onto plaintiff's property and his consequent severing of trees and shrubs. Because plaintiff's appeal challenges the entry of a partial judgment on the pleadings against his claim for "casual or involuntary" timber trespass, we review the pertinent pleadings in the light most favorable to plaintiff to determine whether those pleadings, viewed in their entirety, would affirmatively show that plaintiff has no cause of action for "casual or involuntary" timber trespass based on damage allegedly caused by plaintiff's pickup. *Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 330, 341 P2d 1083 (1959); *see also Thompson v. Telephone & Data Systems, Inc.*, 130 Or App 302, 309, 881 P2d 819, *on recons* 132 Or App 103, 888 P2d 16 (1994).

Plaintiff's operative[1] first amended complaint pleaded two claims for relief—the first for "timber trespass" and the second for "trespass to land." The timber trespass claim, in turn, consisted of two counts, the first for "willful injury to trees and shrubs," ORS 105.810, and the second for "casual injury to trees and shrubs," ORS 105.815.[2] Both timber trespass counts alleged:

---

[1] "Operative" in that that pleading was the object of defendant's motion for partial judgment on the pleadings.

[2] The texts of ORS 105.810 and ORS 105.815 are set out below. 146 Or App at 728.

"On or about January 5, 1993, defendant's pickup slid off a public highway, coming to rest on plaintiff's property. Without plaintiff's permission, or a license to do so, defendant made an intrusion onto plaintiff's property with a backhoe and/or other heavy equipment. Two of plaintiff's large trees were damaged and/or removed either by defendant's pickup and/or by the equipment defendant took on to plaintiff's land, causing damage to plaintiff's property as more fully set forth below."

Plaintiff further alleged that the reasonable replacement value of the trees and shrubs destroyed or removed because of defendant's conduct was $1,200. In the first count, plaintiff alleged that defendant's conduct was willful, requiring an award of treble damages ($3,600) pursuant to ORS 105.810 and additional damages of $369.99. In the second count, plaintiff pleaded, in the alternative, that, because defendant's conduct was "casual or involuntary," plaintiff was entitled to recover double damages ($2,400) pursuant to ORS 105.815 and additional damages of $369.99. Plaintiff's separate claim for intentional trespass to land alleged that defendant had cut a chained fence gate to enter defendant's property with a backhoe to extricate his pickup and sought additional compensatory damages of $39.99 and punitive damages of $2,500.[3]

Defendant moved for partial judgment on the pleadings against those portions of plaintiff's two timber trespass counts that pertained to any severance of timber or shrubbery caused when defendant's pickup slid off the highway onto plaintiff's property. Defendant argued, particularly, that, because plaintiff had not alleged that defendant's pickup left the highway as the result of either intentional or negligent conduct, the pleadings pertaining to the pickup (as opposed to the alleged backhoe-related timber trespass) did not allege the requisites for recovery under either ORS 105.810 or ORS 105.815. The trial court agreed:

---

[3] The prayer of the first amended complaint was identical to the prayer of plaintiff's original complaint. Both sought aggregate damages of no less than $5,309.98. In his second amended complaint, which was the operative complaint at trial, plaintiff pleaded intentional trespass to land as an alternative, rather than additional, claim for relief. Plaintiff also reduced his additional damages under each theory by $9.99. Because of those amendments, plaintiff's maximum potential recovery at trial was $3,960.

"Plaintiff shall not be entitled to recover damages in those claims on account of any injury to vegetation caused by the Defendant's motor vehicle as it left the highway. However, Plaintiff shall be allowed to pursue recovery under ORS 105.810 and 105.815 for any damage to trees, timber or shrubs caused by Defendant or Defendant's agents preparatory to or during Defendant's efforts to extricate his vehicle from its resting place."

The court subsequently clarified that "[p]laintiff may invoke the use of the [timber trespass] statutes if any willful, casual or involuntary damage was done to the trees after defendant entered the property to remove his pickup."

The case proceeded to trial. Plaintiff presented evidence that defendant's pickup hit a patch of black ice, slid out of control off the highway, and rolled down an embankment onto plaintiff's property. Plaintiff also presented evidence that defendant subsequently returned to plaintiff's property with a backhoe to extricate his pickup and entered the property after breaking a locked fence gate. Plaintiff presented evidence that two trees and some shrubs on his property had been damaged and contended that those damages were caused by the backhoe. In accordance with the court's earlier ruling, plaintiff did not attempt to prove, or argue, that the alleged damage to the trees and shrubs was caused, at least in part, by defendant's pickup.

The court submitted plaintiff's backhoe-based timber trespass allegations and his trespass to land claim to the jury. The jury returned a special verdict, which (1) found that defendant had neither "willfully" nor "casually or involuntarily" injured plaintiff's trees and shrubs; and (2) found that defendant had intentionally trespassed on plaintiff's property and awarded actual damages of $10 and punitive damages of $500. Plaintiff subsequently petitioned for attorney fees pursuant to ORS 20.080.[4] Notwithstanding defendant's objection that ORS 20.080 was inapplicable because plaintiff's original complaint sought aggregate damages exceeding $4,000, the trial court awarded fees of $20,942.

---

[4] ORS 20.080, which is set out below, 146 Or App at 731-32, provides that a prevailing plaintiff may recover reasonable attorney fees in certain actions "where the amount pleaded is $4,000 or less."

■ Plaintiff's sole assignment of error on appeal is that the trial court improperly allowed partial judgment on the pleadings against his claim for "casual or involuntary" timber trespass. Plaintiff contends that, under ORS 105.815, he is entitled to recover double damages for any injury defendant's pickup caused to his trees or shrubs when it slid off the highway and onto his property.[5] ORS 105.815 provides, in part:

"(1) If, upon the trial of an action included in ORS 105.810, it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was the land of the defendant or the land of the person in whose service or by whose direction the act was done, or that the tree or timber was taken from uninclosed woodland for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall be given for double damages."

ORS 105.810 provides, in part:

"(1) Except as provided in ORS 477.090, whenever any person, without lawful authority, willfully injures or severs from the land of another any produce thereof or cuts down, girdles or otherwise injures or carries off any tree, timber or shrub on the land of another person, * * * in an action by such person, * * * against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass."

Defendant asserts that "casual or involuntary" in ORS 105.815 connotes negligence and that, because plaintiff's pleadings did not allege negligence, but merely alleged that the pickup "slid off a public highway, coming to rest on plaintiff's property," they were fatally deficient.

■ Defendant's argument proceeds from a false major premise. "Casual or involuntary" in ORS 105.815 does not require a showing of negligence. Rather, that disjunctive statutory language encompasses nonnegligent, nonvolitional trespass.

---

[5] Plaintiff does not contend that the trial court erred in granting partial judgment on the pleadings as to his claim for willful timber trespass. ORS 105.810.

The statutory antecedents of ORS 105.810 and ORS 105.815 were enacted in 1862.[6] Both provisions were directly derived from New York's Field Code of 1848.[7] Although ORS 105.810 and its antecedents always provided for treble damages,[8] the original version of what is now ORS 105.815 provided for the recovery of single, not double, damages. *See General Laws of Oregon*, ch 4, § 336, p 232 (Deady 1845-1864). In 1923, the statute was amended to provide for double damages, but the "casual or involuntary" formulation remained unchanged.[9] *See generally Kinzua Pine Mills Co. v. Daggett*, 203 Or 581, 584, 281 P2d 231 (1955) (double damages under ORS 105.815 are compensatory, not punitive).

The only reported decision explicitly addressing the meaning of "casual or involuntary" in ORS 105.815 is *McHargue v. Calchina*, 78 Or 326, 153 P 99 (1915). There, the court declared:

> "[I]t is now settled that, when the cutting on or the removal from the land of another *is accidental or independent of volition, the actual damage inflicted is the measure of the recovery*, but when such trespass is willful treble damages may be obtained by an action at law[.]" *Id.* at 330 (emphasis supplied; citation omitted).

No subsequent case has revisited, much less repudiated, that description.[10]

---

[6] *General Laws of Oregon*, ch 4, §§ 335, 336, p 232 (Deady 1845-1864).

[7] *See Matanuska Elec. Ass'n, Inc. v. Weissler*, 723 P2d 600, 606-07 n 8 (Alaska 1986) (describing history of AS 09.45.730, *since amended by* Alaska Sess Laws 1988, ch 85, section 16, which was derived from statutory antecedents of ORS 105.810 and ORS 105.815); *see generally* Norman J. Wiener, *Timber Trespass*, 47 Or L Rev 260, 269 (1968) (describing legislative evolution of Oregon timber trespass statutes).

[8] Unlike ORS 105.810, which refers to "willful" trespass, the original statute only referred to injury to trees or shrubs "without lawful authority." *See* Deady, note 6 above, § 335 at 232.

[9] Or Laws 1923, ch 23, § 347.

[10] Defendant points to *Meyer v. Harvey Aluminum*, 263 Or 487, 501 P2d 795 (1972), as holding that damages for nonnegligent injury to timber are not recoverable under ORS 105.815. *Meyer* is inapposite. There, the court held that the plaintiff apricot growers were not entitled to recover treble damages under ORS 105.810 for crop loss and injury to their trees allegedly resulting from fluoride emissions from the defendants' aluminum plant. The basis of the court's holding is somewhat uncertain. *See, e.g., id.* at 496-99. What is certain, however, is that the court did not address the availability of double damages under ORS 105.815.

*McHargue*'s equation of "casual or involuntary" with "accidental or independent of volition" comports with the modern plain meaning of the statutory language.[11] *Webster's Third New International Dictionary* 349 (1971 unabridged) defines "casual" as "subject to or produced as a result of chance * * * subject to accident." The same source defines "involuntary" as "springing from accident or impulse rather than conscious exercise of the will * * * not subject to control of the will: independent of volition." *Id.* at 1191.

Those definitions, like *McHargue*, describe conduct that is either accidental or nonvolitional. Although some "casual"/accidental trespasses *may*[12] arise from negligence, many do not. Similarly, although some "involuntary"/nonvolitional trespasses may be the product of negligence, many are not. Thus, a plaintiff can allege a "casual or involuntary" timber trespass without pleading that the defendant's conduct was negligent.

Our conclusion in that regard finds final, if parenthetical, support in *Pluntz v. Farmington Ford-Mercury, Inc.*, 470 NW2d 709 (Minn App), *rev den* (1991), in which the court applied a timber trespass statute similar to ORS 105.815 to circumstances analogous to those pleaded here. In *Pluntz*, the defendant's agent suffered a heart attack as he was driving and lost control of his car, which left the road and destroyed spruce trees on the plaintiff's property. The plaintiff sought recovery under Minn Stat Section 561.04, which provides for recovery of single damages in cases of "casual or involuntary" timber trespass. The trial court awarded damages, and the court of appeals affirmed. The court first

---

Nothing in *Meyer* speaks to the content of "casual or involuntary" trespass under ORS 105.815.

[11] In referring to modern usage, we do not suggest that, in construing the statute, the common understanding of "casual or involuntary" in the late 20th century necessarily controls over the contemporaneous understanding of those terms at the time of enactment, in the mid-19th century. *See generally* Jack L. Landau, *Some Observations About Statutory Construction in Oregon*, 32 Will L Rev 1, 33 (1996) (noting issue). Nevertheless, the parties do not suggest that the meaning of those terms has materially changed since 1862, and our research has not disclosed such a change.

[12] We need not, and do not, decide when, if ever, that may be so. *Compare Matanuska*, 723 P2d at 607 (" 'Casual' negligence thus means negligent conduct not involving an intent or design to enter or harm trees. 'Casual' refers to whether the trespasser intended to cut, not the reason for an intended cutting.").

rejected the defendant's argument that the statute did not apply because the trespass was unintentional:

"[The defendant's agent], without lawful authority, caused injury to the trees. Although not malicious nor intentional, the injury to the trees was without permission of respondent and without any other color of lawful authority. Once an injury to trees without lawful authority is established, pursuant to the statute respondent was properly awarded single damages if the injury to the trees was 'casual or involuntary.'" *Id.* at 711.

The court then referred to the Minnesota Supreme Court's definition of "casual" as

"thoughtless or accidental or unintentional, * * * [h]appening or coming to pass without design, and without being forseen or expected; coming by chance, * * * unforseen, unpremeditated * * * fortuitous[,]"

and concluded that the trespass fell within that definition. *Id.* at 711-12, *quoting Lawrenz v. Langford Elec. Co.*, 206 Minn 315, 323, 288 NW 727, 731 (1939). *See also Baillon v. Carl Bolander & Sons, Co.*, 306 Minn 155, 235 NW2d 613, 615 (1975) (reiterating definition).

We similarly conclude that plaintiff's allegation that "defendant's pickup slid off a public highway, coming to rest on plaintiff's property," resulting in damage to plaintiff's trees and shrubs, sufficiently pleaded a "casual or involuntary" timber trespass under ORS 105.815. Accordingly, the trial court erred in entering partial judgment on the pleadings as to that allegation.

■ We turn to defendant's cross-appeal, which challenges the trial court's award of attorney fees pursuant to ORS 20.080, after plaintiff prevailed on his claim for intentional trespass to land. ORS 20.080(1) provides:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days

before the commencement of the action or the filing of a formal complaint under ORS 46.458, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.458, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

Defendant argues that plaintiff was not entitled to fees under that statute because his original complaint sought damages that totaled more than $4,000. We agree. *See Johnson v. White*, 249 Or 461, 439 P2d 8 (1968); *Steele v. A & B Automotive & Towing Service, Inc.*, 135 Or App 632, 899 P2d 1206 (1995).

In *Johnson*, the plaintiff asserted, in a single action, two separate claims, both of which arose from the same tortious act. The first alleged personal injury and sought damages of $5,699.20, and the second alleged property damage and sought damages of $379. After the jury returned a verdict for plaintiff on his second claim, plaintiff sought attorney fees under ORS 20.080, which then specified a $1,000, rather than $4,000, limit. The trial court denied fees, and the Supreme Court affirmed:

"If the total demand, regardless of the number of causes of action, is $1,000 or less, attorney fees are allowable on each cause of action if plaintiff recovers and other requirements are met. If the total demand is over $1,000 attorney fees may not be allowed under any cause of action." 249 Or at 464.

In *Steele*, we reversed an award of attorney fees under ORS 20.080 where the plaintiff pleaded multiple claims arising out of different operative facts and sought an aggregate recovery exceeding $4,000:

"We agree with plaintiff that *Johnson* did not explicitly address the propriety of aggregating claims arising from different operative facts. Nonetheless, we believe that *Johnson* controls that issue. Nothing in *Johnson* either implicitly or explicitly limits its holding to claims that arise

from the same transaction. The plain 'total demand' language of its holding does not admit to such a limitation." 135 Or App at 636.

Here, the "total demand" of plaintiff's original complaint exceeded $4,000. Plaintiff's two timber trespass counts, which were pleaded in the alternative, sought either $3,969.99 ("willful") or $2,769.99 ("casual or involuntary"), respectively. Plaintiff further sought an additional $39.99 in compensatory damages and $2,500 in punitive damages on his claim for intentional trespass to land. Thus, plaintiff sought aggregate damages of either $6,509.98 or $5,309.98.

Nevertheless, plaintiff attempts to avoid *Johnson* and *Steele* through two arguments. First, plaintiff contends that *Steele* announced a new rule of aggregation for purposes of ORS 20.080 and "to apply [that] rule * * * to pleadings filed before *Steele* was decided would be unfair." Second, plaintiff argues that, after *Steele* was decided, he amended his complaint to seek damages for trespass to land in the alternative to timber trespass damages, reducing his total demand to less than $4,000. Plaintiff asserts that, because his total demand at the time of trial did not exceed $4,000, he was entitled to fees under ORS 20.080.[13]

We reject both arguments. *Steele* did not announce "new law" as to the correct application of ORS 20.080. Indeed, our opinion is explicit that "*Johnson* controls" the issue we addressed. *Steele*, 135 Or App at 636.

*Barnes v. Bob Godfrey Pontiac, Inc.*, 41 Or App 263, 597 P2d 1285, *mod* 41 Or App 745, 598 P2d 1289, *rev den* 288 Or 81 (1979), disposes of plaintiff's second, "look to the final pleadings" argument. In *Barnes*, the plaintiff originally pleaded three claims for relief, with a total demand exceeding ORS 20.080's former $1,000 limit. The defendant successfully moved to dismiss two of the claims, and the plaintiff proceeded to trial on the remaining claim, which sought less

---

[13] Plaintiff argues that, because *Steele* announced a new rule of law after the original complaint was filed in this case, ORCP 23 should allow plaintiff's second amended complaint to "relate[ ] back" to the date of the original complaint.

than $1,000. The plaintiff prevailed on that claim and petitioned for attorney fees under ORS 20.080. The trial court allowed fees, and we reversed:

> "[W]e hold that plaintiffs are not entitled to an award of attorney's fees because their original complaint sought damages in excess of $1,000. The policy of the statute is two-fold: (1) to deter persons having liability for torts from refusing to settle and pay just claims in relatively small amounts; unless the plaintiff is entitled to collect an attorney's fee, it may not be practical for him to pursue his legal remedy; (2) to deter plaintiffs from inflating small claims beyond an amount justly due, thereby encouraging the wrongdoer to make settlement of such claims without incurring the expense of defending litigation. It is not a purpose of the statute to reward a plaintiff who makes an exaggerated claim exceeding $1,000, but which is later pared down to size either by amended pleadings or by jury verdict to less than $1,000. * * * 'If the plaintiff seeks a total of more than $1,000, he has chosen to take himself out of the operation of the statute.'" 41 Or App at 266-67 (quoting *Johnson*, 249 Or at 463) (citation omitted).

So too here. Plaintiff "took himself out of" ORS 20.080 by making a total demand of more than $4,000 in his original complaint. To permit plaintiff to "plead himself back into" the statute by virtue of subsequent, unilateral amendment would subvert the policy *Barnes* identifies, *viz.*, promoting settlement and deterring inflation of small claims. The trial court erred in awarding plaintiff attorney fees under ORS 20.080.[14]

On appeal, reversed and remanded for further proceedings on claim for casual or involuntary timber trespass; on cross-appeal, judgment for attorney fees vacated.

---

[14] Because we conclude that plaintiff had no entitlement to fees, we do not reach defendant's second, and alternative, assignment on cross-appeal, which challenges the reasonableness of the fees awarded.