Argued and submitted November 2, 1998, decision of Court of Appeals reversed; judgment of circuit court reversed in part and case remanded to circuit court for further proceedings April 29, 1999

Sydney RODRIGUEZ,
by her guardian ad litem,
Gina Rodriguez,
*Petitioner on Review,*

*v.*

THE HOLLAND, INC.,
a Washington corporation,
doing business as Burgerville USA,
*Respondent on Review.*

THE HOLLAND, INC.,
a Washington corporation,
doing business as Burgerville USA,
*Third-Party Plaintiff,*

*v.*

Kim FROSAKER,
an individual,
*Third-Party Defendant.*

(CC 96-07-05514; CA A98544; SC S45440)

980 P2d 672

John S. J. Marandas, of Marandas & Perdue, Portland, argued the cause and filed the briefs for petitioner on review.

Michael J. Gentry, of Tooze Duden Creamer Frank & Hutchison, Portland, argued the cause and filed the brief for respondent on review.

LEESON, J.

## LEESON, J.

In this negligence action for personal injuries that plaintiff sustained at defendant's playground, the issue is whether plaintiff, who prevailed on her claim, is entitled to an award of attorney fees. The trial court vacated the arbitrator's award of fees, and the Court of Appeals affirmed. *Rodriguez v. The Holland, Inc.*, 153 Or App 701, 957 P2d 203 (1998). We conclude that plaintiff is entitled to attorney fees and reverse.

The facts are undisputed. Plaintiff, a young child, broke her arm when she fell from a piece of play equipment at a playground owned and operated by defendant. Defendant denied liability.[1] Plaintiff, through her guardian ad litem, and defendant's insurer exchanged several offers and counteroffers in an attempt to settle plaintiff's claim. Ultimately, plaintiff informed defendant's insurer that she was willing to reduce her claim to $4,000 and that, if defendant did not pay that amount, plaintiff would make a demand for $4,000 "plus the award of attorney fees as allowed by ORS 20.080."[2] Defendant's insurer made a counteroffer to settle the claim for $2,500 "[i]n the spirit of compromise and considering the ORS 20.080 statute * * *."

Plaintiff subsequently filed a complaint alleging economic damages in the amount of $613, noneconomic damages in the amount of $3,600—a total of $4,213—and attorney fees under ORS 20.080. Defendant's answer denied liability and denied that plaintiff was entitled to attorney fees under ORS 20.080. The circuit court transferred the case to arbitration. *See* ORS 36.405 (requiring mandatory arbitration of specified civil claims).

---

[1] In a third-party action, defendant alleged that third-party defendant Kim Frosaker, plaintiff's babysitter at the time of the accident, was liable for plaintiff's injuries. Neither that third-party action nor the third-party defendant is affected by plaintiff's appeal.

[2] The text of ORS 20.080, which provides for an award of attorney fees to a plaintiff who pleads and prevails on a claim for $4,000 or less, is quoted later in this opinion.

A few weeks before the arbitration hearing, plaintiff moved to amend her complaint under ORCP 23 A. At a hearing on that motion, plaintiff also requested that she be allowed to reduce her demand for damages to $4,000. Plaintiff explained that, as indicated in her earlier demand letter, she had intended to sue for damages of only $4,000. However, in drafting the complaint, she had miscalculated the economic and noneconomic damages. The arbitrator allowed plaintiff to amend her complaint and to reduce her demand for damages to $4,000 but asked her to provide additional legal authority to support an award of attorney fees under ORS 20.080. Plaintiff provided a memorandum of authorities, and defendant responded to that memorandum.

After the arbitration hearing, the arbitrator found for plaintiff on her claim and awarded her $3,965 in damages and $6,000 in attorney fees. He explained that attorney fees were appropriate because

"defendant has not sufficiently shown prejudice arising from plaintiff's correction of her complaint to bring it within the statute for attorney[ ] fees. It is clear that such fees always were sought. * * *"

Defendant filed exceptions to the award of attorney fees with the circuit court. *See* ORS 36.425(6) (allowing filing of exceptions to award of attorney fees). That court vacated the arbitrator's award of attorney fees, concluding that *Wyatt v. Sweitz*, 146 Or App 723, 934 P2d 544, *rev dismissed* 326 Or 63 (1997), controlled. The Court of Appeals affirmed, citing *Wyatt*.

We allowed review to determine the meaning of the phrase "amount pleaded" in ORS 20.080. That statute provides, in part:

"(1)   In any action for damages for an injury or wrong to the person or property, or both, of another where the *amount pleaded is $4,000 or less*, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than

10 days before the commencement of the action or the filing of a formal complaint * * *." (Emphasis added.)

According to plaintiff, the phrase "amount pleaded" in the statute refers to the operative complaint in an action, which in this case is her amended complaint. Defendant contends that the phrase refers only to the original complaint in an action.

■    Determining the meaning of the phrase "amount pleaded" in ORS 20.080 is a matter of statutory construction. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (establishing methodology for statutory construction). We look first to the text and context of the statute. *Id.* at 610. Statutory context includes other provisions of the same statute and other related statutes. *State v. Metcalfe*, 328 Or 309, 312, 974 P2d 1189 (1999); *see State v. Carr*, 319 Or 408, 412, 877 P2d 1192 (1994).

ORS 20.080 does not define the phrase "amount pleaded," and the plain words of the statute do not indicate whether the phrase refers to the original complaint or to the operative complaint in an action. However, the Oregon Rules of Civil Procedure provide statutory context for construing ORS 20.080, because they "govern procedure and practice in all circuit courts * * * for *all* civil actions * * * *except where a different procedure is specified by statute or rule.*" ORCP 1 A (emphasis added); *see also* ORS 1.735 (delegating authority to Council on Court Procedures to promulgate ORCP). ORS 20.080 does not specify a pleading procedure different from the Oregon Rules of Civil Procedure.

■    ORCP 23 A provides that, with leave of the court, a party may amend a pleading after a responsive pleading is served and that "leave shall be freely given when justice so requires." An amended pleading must be complete without reference to the original pleading or any preceding amended pleading. ORCP 23 D. After an original pleading has been amended, it no longer has status as a pleading in the action. The amended pleading supersedes the previous pleading and becomes the operative pleading. *See Klemgard et al v. Wade Seed Co.*, 217 Or 409, 414, 342 P2d 757 (1959) (stating, under a predecessor statute, that "* * * a pleading loses its status as

such when it is superseded by an amended one * * *"); *Mignot v. Parkhill*, 237 Or 450, 453, 391 P2d 755 (1964) (same).

Because ORS 20.080 does not specify a pleading procedure different from the ORCP, we conclude that the phrase "amount pleaded" in ORS 20.080 refers to the demand for damages in the operative pleading in the action. In this case, the operative pleading is the amended complaint that the arbitrator allowed under ORCP 23 A. That complaint seeks damages in the amount of $4,000. Under ORS 20.080, plaintiff is entitled to a reasonable amount of attorney fees if she made a written demand for payment of her claim not fewer than 10 days before she filed her initial complaint. Defendant does not dispute that plaintiff made a written demand for $4,000 at least 10 days before filing her complaint.

According to defendant, allowing anything but the original complaint to determine the "amount pleaded" in an action to which ORS 20.080 applies would frustrate the policy underlying that statute. That policy is to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims. *See, e.g., Johnson v. White*, 249 Or 461, 462-64, 439 P2d 8 (1968) (stating policy underlying ORS 20.080). Even if we agreed with defendant's argument it has no force here, because our only task is to discern the meaning of the phrase "amount pleaded" in ORS 20.080. This court's statutory construction methodology, not policy considerations, guide that inquiry. What is more, reduced to its essentials, defendant's policy argument is an attack on the arbitrator's decision to allow plaintiff to amend her complaint, a decision to which it has not objected heretofore.[3]

We turn to an examination of *Wyatt*, the case on which defendant and the courts below relied for their conclusions that plaintiff is not entitled to an award of attorney fees in this case. In *Wyatt*, the plaintiff pleaded two claims for relief, the first for "timber trespass" and the second for "trespass to land." The aggregate amount of the two claims was

---

[3] Defendant maintained at the Court of Appeals that "this appeal presents no question of the appropriateness of the [arbitrator's] allowance of the motion to amend."

more than $4,000. The trial court granted the defendant's motion for partial judgment on the pleadings. The plaintiff then filed a second amended complaint, seeking a maximum recovery of $3,960. After a trial in which the jury awarded the plaintiff actual damages of $10 and punitive damages of $500, the plaintiff petitioned for attorney fees under ORS 20.080. The Court of Appeals reversed the trial court's award of attorney fees, reasoning that the plaintiff's original complaint made a "total demand" of more than $4,000. The Court of Appeals held that the plaintiff " 'took himself out of' ORS 20.080 by making a total demand of more than $4,000 in his original complaint." *Wyatt*, 146 Or App at 734. In arriving at that conclusion, the Court of Appeals relied on this court's decision in *Johnson*. That reliance was misplaced.

In *Johnson*, the plaintiff sued for personal injury in one claim, seeking $5,699.20, and for property damage in another claim, seeking $379.[4] The jury found for the plaintiff only on the second claim. The plaintiff sought attorney fees under ORS 20.080 which, at that time, required that the amount pleaded be $1,000 or less. This court held that the plaintiff was not entitled to attorney fees, because the "amount pleaded" requirement of ORS 20.080 applies to the total demand of a complaint, regardless of the number of claims. *Johnson*, 249 Or at 464. *Johnson* did not pose the interpretive question raised by *Wyatt* or by this case, namely, whether the phrase "amount pleaded" refers only to the original pleading in an action. As explained above, we hold that the phrase "amount pleaded" in ORS 20.080 refers to the operative pleading in an action, which can be an amended complaint in which the demand for damages was amended with leave of the court under ORCP 23 A.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed in part, and the case is remanded to the circuit court for further proceedings.

---

[4] In *Johnson*, each claim was pleaded as a separate "cause of action," a term that has been abandoned under the Oregon Rules of Civil Procedure in favor of "claim for relief." For purposes of our analysis, "cause of action" and "claim for relief" are synonymous. *See Peterson v. Temple*, 323 Or 322, 327 n 3, 918 P2d 413 (1996) (so stating).