Argued and submitted February 14, 2020, affirmed January 27, 2021

## SIMINGTON GARDENS, LLC,
an Oregon limited liability company;
Birl G. Simington; and
Linda L. Simington, individuals,
*Plaintiffs-Respondents,*

*v.*

## ROCK RIDGE FARMS, LLC,
an Oregon limited liability company,
*Defendant-Appellant,*

*and*

## John DOES 1-10,
*Defendants.*

Marion County Circuit Court
16CV20601; A166806

481 P3d 396

Plaintiffs sought damages for common-law trespass, conversion, and statutory "trespass to produce," ORS 105.810, after defendant's cows and the workers who came to retrieve them trampled plaintiffs' salad crop. A plaintiff who proves a claim under ORS 105.810 is entitled to treble damages when the "trespass to produce" is willful, ORS 105.810, and double damages when the "trespass to produce" is "casual or involuntary," ORS 105.815. ORS 105.810 additionally provides for an award of attorney fees to the prevailing party. After a jury determined that the "trespass to produce" caused by defendant's cows and workers was "casual or involuntary," the trial court awarded plaintiffs double damages as provided in ORS 105.815. Defendant appeals from general and supplemental judgments, contending that, to recover damages and attorney fees for "trespass to produce" under ORS 105.810 and ORS 105.815, the plaintiff must establish a trespass to land and a willful damage to produce. Defendant also contends that the trial court erred in not requiring plaintiffs to make an election between their common law trespass claim and the statutory "trespass to produce" claim. *Held*: The trial court did not err in awarding enhanced double damages under ORS 105.815. Plaintiffs established the elements of a claim for trespass to produce under ORS 105.810, which, contrary to defendant's contention, does not require a trespass to land or willful injury to produce. The trial court correctly determined that, because plaintiffs had prevailed on the claim, they were entitled to attorney fees and that, because the trespass to produce was "casual or involuntary," plaintiffs were entitled to double damages under ORS 105.815. The trial court did not err in failing to require plaintiffs to elect between their common law and statutory claims, because the claims were not inconsistent and did not result in a double recovery of actual damages.

Affirmed.

Tracy A. Prall, Judge. (Supplemental Judgment)

Courtland Geyer, Judge. (Judgment)

Robert Koch argued the cause for appellant. Also on the briefs were Anna Sortun and Tonkon Torp LLP.

Brian R. Talcott argued the cause for respondents. Also on the brief was Dunn Carney Allen Higgins & Tongue LLP.

Before Armstrong, Presiding Judge, and Tookey, Judge, and James, Judge.

ARMSTRONG, P. J.

Affirmed.

## ARMSTRONG, P. J.

In this action involving tort claims for common-law trespass, conversion, and statutory "trespass to produce," ORS 105.810, plaintiffs sought damages for the loss of their organic salad crop and other property ruined by defendant's cows and workers. Defendant appeals from general and supplemental judgments, challenging the award to plaintiff of enhanced damages and attorney fees on the statutory claim and the trial court's failure to require plaintiffs to make an election of remedies.[1] We conclude that the trial court did not err and affirm.

The facts are undisputed. Plaintiffs' organic produce farm is adjacent to defendant's farm, where defendant raises heifer cows. Defendant's cows escaped from their enclosure onto plaintiffs' field and trampled and defecated on plaintiff's newly planted crop of organic salad plants. Defendant's employees retrieved the cows and, in doing so, caused additional damage to the newly planted crop. Plaintiffs brought this action, seeking damages on theories of common-law trespass, conversion, and "trespass to produce" under ORS 105.810.

The case went to trial. As presented to the jury, the common-law trespass claim related to all of plaintiffs' actual damages caused by the trampling of the field by defendant's cows and employees. On the statutory claim, the court allowed the jury to consider only damages caused by defendant's employees when they entered the field to retrieve the cows. *See* ORS 105.810 (providing for damages "whenever *any person*, without lawful authority, willfully injures or severs from the land of another any produce" (emphasis added)).

In a special verdict, the jury determined that plaintiffs had prevailed on all claims. The jury awarded damages "relating to trespass" of $26,564, broken down as follows: $20,797 for loss of net income from the ruined crop; $2,534 for loss of produce and personal property; $3,233 for mitigation expenses.

---

[1] There were multiple defendants below. Only Rock Ridge Farms, LLC, appeals.

The verdict form required an allocation of damages to the statutory claim, to which the jury attributed 50 percent of plaintiff's loss of produce, or $11,000.[2] But the court did not add that amount to the final award for actual damages, reasoning that compensation for actual damages for loss of produce caused by defendant's employees was included within the jury's award on the common-law claim.

However, the statutory claim requires an enhanced award of double or treble damages, depending on whether the trespass was "willful" or "casual or involuntary." *See* ORS 105.810 (in a claim for "willful" injury to produce or timber, the court shall award judgment "for treble the amount of damages claimed," "against the person committing such trespasses"); ORS 105.815 (on claim under ORS 105.810, when the trespass was "casual or involuntary," "judgment shall be given for double damages"). The jury determined that defendant's employees injured plaintiffs' produce "casually/involuntarily." For that reason, the trial court concluded that, under ORS 105.815, it was required to double plaintiffs' damage award on the statutory claim. That enhancement, the court concluded, was not encompassed in the jury's award for actual damages and could be added to the final award. The court thus added the enhancement amount of $11,000 to the jury's award of $26,654 for actual damages due to trespass, for a total award of $37,654. In a supplemental judgment, the court awarded plaintiffs attorney fees of $125,000 on the statutory claim.

In its first assignment on appeal, defendant asserts that the trial court erred in making an award under ORS 105.815. Defendant argues that plaintiffs did not prevail on the statutory claim because, in order to prevail under ORS 105.810 on a claim relating to damage to produce, the damage must be caused "willfully." Defendant derives that construction of the statute from the history of ORS 105.810. Because the jury found that defendant's injury to produce was not willful, defendant contends that it has no liability on the statutory claim.

---

[2] The jury also awarded plaintiffs $1,784 on its claim for common-law conversion.

Defendant's arguments present questions of statutory construction that we review for legal error. *Bergman v. Holden*, 118 Or App 530, 848 P2d 141, *adh'd to on recons*, 122 Or App 257, 857 P2d 217, *rev den*, 318 Or 170 (1993). The first step in our analysis is to examine the statutory texts. ORS 105.810 provides, as relevant:

"(1)   [W]henever any person, without lawful authority, willfully injures or severs from the land of another any produce thereof *or* cuts down, girdles or otherwise injures or carries off any tree, timber or shrub on the land of another person, *** in an action by such person *** against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass. In any such action, upon plaintiff's proof of ownership of the premises and the commission by the defendant of any of the acts mentioned in this section, it is prima facie evidence that the acts were committed by the defendant willfully, intentionally and without plaintiff's consent.

"(2)   A court may, in its discretion, award to a prevailing party under subsection (1) of this section reimbursement of reasonable costs of litigation including but not limited to investigation costs and attorney fees."

(Emphasis added.)

ORS 105.815(1) provides:

"[I]f, upon the trial of an action included in ORS 105.810, it appears that the trespass was casual or involuntary ***, judgment shall be given for double damages."[3]

Because it underlies defendant's analysis, we first explain why we reject defendant's assumption that the statutory tort of trespass to produce or timber requires a trespass to land. ORS 105.810(1) describes the conduct that constitutes a trespass to produce or timber: the willful injury or severing of produce or timber from the land of another without lawful authority. It then refers to that conduct as "such trespasses." Although referred to as a "trespass," the conduct described in ORS 105.810 is different from a trespass

---

[3] In *Wyatt v. Sweitz*, 146 Or App 723, 728, 934 P2d 544, *rev dismissed*, 326 Or 63 (1997), we held that "casual or involuntary" in ORS 105.815 encompasses nonnegligent, nonvolitional trespass.

to land, which focuses on a physical invasion or intrusion of the land. *Martin et ux. v. Reynolds Metals County*, 221 Or 86, 90, 342 P2d 790 (1959), *cert den*, 362 US 918 (1960) (trespass to land is "an actionable invasion of a possessor's interest in the exclusive possession of land"). A claim for trespass to produce or timber under ORS 105.810 focuses on injury to the produce or timber; it makes no reference to an invasion of an exclusive possession of land. A person can violate ORS 105.810 by willfully injuring or severing produce or timber without authorization, even if the person is lawfully present on the land.

ORS 105.810 does require that the land on which the produce or timber is injured, or from which it is severed, is "the land of another person." For that reason, in *Bergman*, 118 Or App at 533, we held that an *entry* onto another person's land is an element of the statutory claim. But neither we nor the Supreme Court have held that the entry must be a trespass to land—an invasion of lawful possession in a tortious sense. In fact, the Supreme Court has rejected that notion. In *Pedro v. January*, 261 Or 582, 494 P2d 868 (1972), Delbert Pedro had an interest in timber as a contingent remainder beneficiary of a life estate. He sought relief under ORS 105.810 for the life-estate holder's unauthorized cutting and removal of timber. The Supreme Court rejected the argument that, because Pedro lacked a right to possession, he had no entitlement to relief:

> "The contention is made that, because the statute refers to the intrusion as a trespass, it requires a person who seeks relief thereunder to have a possessory interest because an action of trespass can be brought only by one who is entitled to possession."

*Id*. at 601. The court explained that, although the statute uses the term "trespass," it is not used in reference to an invasion of the possession of land. The court said that, "in a broader sense, the term 'trespass' is used as descriptive of the acts of a person who unlawfully injures the property of another." (citing *4 Thompson, Real Property* 396, § 1853 (1961)). Indeed, the court held that a person seeking relief under ORS 105.810 need not have a possessory interest in the property, and that, in using the term "trespass," the

legislature "was not attempting to describe the form of the action which could be brought under the statute, but it was describing an act of unauthorized injury to the real property." *Id.* at 601-02.

Thus, contrary to defendant's contention, the use of the term "trespass" in ORS 105.810 does not require a trespass to land. The trespass is the injury to the timber or, in this case, the produce. Had the legislature intended that the statutory claim require a trespass to land, it would have said so explicitly. *See, e.g.*, ORS 608.015 (describing liability of a person for permitting animals "to trespass on land enclosed by an adequate fence").

We turn to defendant's contention that a claim for injury to produce must always be based on willful conduct and that enhanced damages cannot be awarded when the injury to produce is "casual or involuntary." Defendant notes that, before it was amended to address damage to produce, the statutory predecessor to ORS 105.810 provided for treble damages "[w]henever any person shall cut down, girdle or otherwise injure, or carry off, any tree, timber or shrub on the land of another person, *** without lawful authority." General Laws of Oregon, Civ Code, ch IV, title II, § 335, p 232 (Deady 1845-64). The statute did not describe a specific state of mind for that conduct. But the Supreme Court construed the statute to require that the cutting of timber be "willful" to support the recovery of treble damages. *McHargue v. Calchina*, 78 Or 326, 330, 153 P 99 (1915) ("[W]hen the cutting on or the removal from the land of another is accidental or independent of volition, the actual damage inflicted is the measure of the recovery, but when such trespass is willful treble damages may be obtained.").

Then, in 1925, the legislative assembly added provisions relating to liability for injury to produce:

"Whenever any person shall wilfully injure or sever from the land of another any produce thereof, or shall cut down, girdle or otherwise injure, or carry off, any tree, timber or shrub on the land of another person *** without lawful authority, in an action by such person *** against the person committing such trespasses ***, if judgment be given for the plaintiff, it shall be given for treble the amount of

damages claimed, or assessed therefor, as the case may be[.]"

General Laws of Oregon, Civ Code, ch IV, title II, § 346 (1925). Defendant notes that the 1925 amendment explicitly required that the produce be "wilfully injure[d]" or severed. Because the court had previously construed the statute to include a requirement of willfullness when the statute's coverage was limited to timber, defendant contends that, to give meaning to the amendment, it must be construed to treat produce differently from timber. That leads defendant to conclude that a plaintiff seeking damages under ORS 105.810 relating to injury to produce must always establish that the injury was willful, and an injury that is not willful cannot result in liability under ORS 105.810. Thus, although ORS 105.815 requires an award of double damages when a person injures *timber* casually or involuntarily, the casual or involuntary injury to produce will not result in an award of enhanced damages. But, defendant contends, ORS 105.815 can have applicability in the context of an injury to produce when the injury is willful but the trespass to land is casual or involuntary.

Defendant's historical analysis does not persuade us of the correctness of its construction of the statutes. In the first place, as we have concluded, there is no requirement for a trespass to land to recover damages under ORS 105.810 or 105.815. Additionally, if, as defendant urges, there ever was a distinction in the statutes' treatment of injuries to produce and timber, it is not reflected in the current texts of the statutes. As the text of ORS 105.810 now reads, the "willful" element applies to both produce and timber. *See Brown v. Johnston*, 258 Or 284, 289, 482 P2d 712 (1971) ("This action was brought and tried pursuant to ORS 105.810, which required plaintiffs to prove not merely that defendants injured the tree, but that the injury was 'willful.'"). And, when the "trespass" was casual or involuntary, ORS 105.815 requires a judgment for double, not treble damages, again making no distinction between produce and timber.[4] Here,

---

[4] Defendant's policy argument that enhanced damages should not be available for unintentional injury to produce is one for the legislature. We note that in *Kinzua Lumber Co. v. Daggett*, 203 Or 585, 590-91, 281 P2d 221 (1955), a suit in equity, the court considered and rejected a contention that ORS 105.815 is

the jury found that defendant's workers injured plaintiffs' produce "casually/involuntarily." It is undisputed that defendant's workers did so without authority.

Defendant points out that ORS 105.815 requires a judgment for double damages if, at a trial under ORS 105.810, "it appears that *the trespass* was casual or involuntary," (emphasis added), giving rise to an ambiguity as to whether "trespass" refers to a trespass to land or to the injury, and urges a construction that it is a reference to a trespass to land. In that context, defendant contends, double damages could be recoverable on a claim relating to produce when the trespass to land is casual or involuntary but the injury to produce is willful. The difficulty with defendant's approach is that, as we have concluded, a claim under ORS 105.810 does not require a trespass to land. The reference to "trespass" in ORS 105.815 is not ambiguous. As in ORS 105.810, it refers to the conduct described in ORS 105.810—the unauthorized injury to or severance of produce or timber. The injury constitutes the trespass in the context of ORS 105.810 and ORS 105.815, and whether the plaintiff's damages are doubled or trebled will depend on whether that injury was willful. Here, the jury found that defendant's injury to the produce was not willful. The trial court thus correctly entered a judgment for double damages under ORS 105.815.

In its second assignment, defendant contends that the trial court erred in failing to require plaintiffs to elect between its common-law trespass claim and its statutory claim so as to avoid a double recovery of damages for a single wrong under two separate theories. The trial court did not err. The doctrine of election of remedies requires a plaintiff to elect between remedies that either are inconsistent

---

penal in character and, for that reason, recovery under that section could not be sustained because equity will not enforce a penalty. The court held that the provision was not penal because "[w]hen a person, through a mistake concerning the location of a property line, fells a tree, he has done nothing for which a penalty ordinarily is imposed." *Id.* at 606. The court concluded that, through ORS 105.815, the legislature had granted the victim of the timber trespass an "accumulative recovery so that he would have something left in his pocket after he had discharged the expenses of the litigation. The award made in that manner may be deemed extraordinary damages or statutory-liquidated damages." *Id.* at 607.

or would result in a double recovery. *McAllister v. Charter First Mortgage, Inc.*, 279 Or 279, 286-87, 567 P2d 539 (1977) (explaining that election is required when remedies sought are inconsistent); *Colonial Leasing Co. v. Tracy*, 276 Or 1193, 1196-97, 557 P2d 639 (1976) ("The doctrine of election of remedies is designed to prevent double recovery for a single wrong."). As tried and submitted to the jury, it is not disputed that plaintiffs' common-law and statutory claims were not inconsistent; they presented different theories of recovery that did not contradict each other. Plaintiffs' common-law trespass claim sought to recover damage for defendant's invasion of plaintiffs' exclusive possession of the land, *Martin*, 221 Or at 90; plaintiffs' claim under ORS 105.810 sought to redress injuries to the salad crop caused by defendant's employees. Plaintiffs were not required to make an election between the two theories before they were presented to the jury and prevailed on both. *See Tracy*, 276 Or at 1196-97 ("Ordinarily an election is not made until a judicial proceeding has gone to judgment on the merits.").

Nor did the failure to make an election after the jury's verdict result in a duplicative recovery. The court concluded that the damages awarded by the jury on the common-law claim encompassed all of plaintiffs' actual damage to produce—damage caused by the cows and damage caused by defendant's workers when they entered the field to retrieve the cows. The jury attributed 50 percent of plaintiffs' actual damage—$11,000—to the workers. But the court did not increase the award by that amount. Thus, plaintiffs did not recover twice for their actual damages.

However, because plaintiffs prevailed on the statutory claim, the court was required to enter the enhanced award under ORS 105.815. The Supreme Court said in *Kinzua Lumber Co. v. Daggett*, 203 Or 585, 594, 607, 281 P2d 221 (1955), that, "In all likelihood, one purpose of statutes [like ORS 105.815] is to give the victim an incentive, through an enhanced recovery, to assert his rights and provide him with the means of doing so," and that the enhanced award under ORS 105.815 is in the nature of extraordinary or liquidated damages over and above a plaintiff's actual

damages.[5] The enhanced award required to be included in the judgment by ORS 105.815 is not for plaintiffs' actual damages or a duplication of the award for actual damages made by the jury on the common-law trespass claim.

Defendant's final contention is that the trial court erred in awarding plaintiffs attorney fees. The fees were authorized by ORS 105.810(2). We have reviewed the record and conclude that there was no abuse of discretion. *See Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 342, 194 P3d 796 (2008) (appellate court reviews trial court's consideration of factors under ORS 20.075(1) in award of attorney fees for abuse of discretion).

Affirmed.

---

[5] The court reasoned:

"According to our belief, the legislature, in enacting ORS 105.815, accepted as the base for the award of damages in instances of wrongful, but nonwilful, destruction of trees, the victim's actual damages and then, by doubling that sum, granted him an accumulative recovery so that he would have something left in his pocket after he had discharged the expenses of the litigation. The award made in that manner may be deemed extraordinary damages or statutory-liquidated damages. If the legislature felt that such an award would have an effect similar to the imposition of smart money and thereby prompt loggers to be cautious as to dividing lines, the incidental effect cannot alter the basic nature of the award."

*Id.* at 607.