No. 162          March 6, 2024          429

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SUNSHINE FARM, LLC,
*Plaintiff-Appellant,*

*v.*

Dennis GLASER,
an individual,

and Trever Glaser,
an individual,
*Defendants-Respondents,*

*and*

MID-VALLEY FARMS, INC.,
an Oregon corporation,
*Defendant.*

Linn County Circuit Court
20CV43602; A176854

Thomas McHill, Judge.

Argued and submitted January 30, 2023.

Andrew DeWeese argued the cause for appellant. Also on the briefs was Kevin J. Jacoby, and Green Light Law Group. Also on the reply brief was Brett Mulligan.

Rachel A. Robinson argued the cause for respondents. Also on the brief was Jason Daywitt and Lewis Brisbois Bisgaard & Smith LLP.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

### HELLMAN, J.

Plaintiff, a limited liability company operating a hemp farm, appeals a limited judgment dismissing its claim under ORS 105.810 and ORS 105.815, commonly referred to as the "timber trespass" statutes. In the sole assignment of error, plaintiff claims that the trial court incorrectly required plaintiff to plead that defendants willfully injured its crops because the statutes allow recovery for "casual or voluntary" timber trespass.[1] Plaintiff also argues that, to the extent the trial court relied on *Meyer v. Harvey Aluminum*, 263 Or 487, 501 P2d 795 (1972), and *Chase v. Henderson*, 265 Or 431, 509 P2d 1188 (1973), to find that plaintiff could not sustain a cause of action under ORS 105.810 and ORS 105.815, such a ruling was incorrect because those cases should be limited to their facts. Because plaintiff's claim is controlled by *Meyer* and *Chase*, we affirm.

When reviewing a ruling on an ORCP 21 A(1)(h) motion to dismiss for failure to state a claim, "we assume the truth of all allegations in plaintiff's pleadings and view all reasonable inferences in the light most favorable to plaintiff." *Munson v. Valley Energy Investment Fund*, 264 Or App 679, 703, 333 P3d 1102 (2014) (internal quotation marks omitted). We state the facts relating to plaintiff's timber trespass claim accordingly.

Plaintiff operates a hemp farm that uses "organic inputs and aquaponic fertilizer." It also operates a hemp extraction facility, which processes hemp into extract and hemp products. Plaintiff's property is surrounded by other agricultural property. Defendants are its neighbors to the east. In the summer of 2019, plaintiff had grown seven acres of hemp, and had not used pesticide spray on that crop.

In or around October 2019, defendants sprayed a mixture of chemicals, including pesticide and herbicide, on their own property. That spray drifted and fell on plaintiff's land and hemp crop. The spray contaminated both the hemp crop and the soil. Thus, not only did it cause immediate damage to the existing hemp crop, but it also prevented plaintiff from cultivating future hemp crops and affected plaintiff's

---

[1] Plaintiff withdrew its second assignment of error.

ability to grow crops pesticide free. Defendants did not have lawful authority to allow the chemical spray mixture to cross onto plaintiff's property and to injure plaintiff's hemp crop.

Plaintiff brought an action alleging that defendants caused damage to its crop and property when defendants sprayed chemicals on their own land and those chemicals drifted onto plaintiff's land. Among the claims alleged by plaintiff was a claim of casual timber trespass under ORS 105.810 and ORS 105.815.[2]

ORS 105.810 provides that

> "whenever any person, without lawful authority, willfully injures or severs from the land of another any produce thereof or cuts down, girdles or otherwise injures or carries off any tree, timber or shrub on the land of another person, \*\*\* in an action by such person \*\*\* against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass. In any such action, upon plaintiff's proof of ownership of the premises and the commission by the defendant of any of the acts mentioned in this section, it is prima facie evidence that the acts were committed by the defendant willfully, intentionally and without plaintiff's consent."

ORS 105.815 provides that "if, upon the trial of an action included in ORS 105.810, it appears that the trespass was casual or involuntary, \*\*\* judgment shall be given for double damages." A "casual or involuntary" timber trespass claim is one that involves any "nonnegligent, nonvolitional trespass." *Wyatt v. Sweitz*, 146 Or App 723, 728, 934 P2d 544, *rev den*, 325 Or 438, *rev dismissed*, 326 Or 63 (1997).

Those statutes were originally enacted to provide enhanced damages in cases where timber was "taken from land by one who has no authority to do so." *Pedro v. January*, 261 Or 582, 602, 494 P2d 868 (1972). As the Supreme Court explained, enhanced damages were necessary because "[i]f a person could take timber unlawfully and then be compelled to pay only the value of what [they] cut, the law would afford

---

[2] Plaintiff also alleged claims based on ultrahazardous activity, four counts of negligence *per se*, negligence, trespass, and private nuisance.

no protection against any wrongdoer who schemes to force a sale." *Id*. ORS 105.810 was amended in 1925 to allow for damages to "produce" and to expand the concept of "injury" beyond simply the cutting of timber. *Meyer*, 263 Or at 496-97 (citing Or Laws 1925, ch 14, § 24). The last Supreme Court cases directly on point, *Meyer* and *Chase*, were decided in the early 1970s.

In *Meyer*, the plaintiffs brought an action against an aluminum plant, alleging that fluoride emissions from the plant had damaged their apricot crop and trees. The court identified the issue at hand as "whether [ORS 105.810 and ORS 105.815] apply to injuries to plaintiffs' fruit crops and trees caused by fumes emitted from defendants' plant." *Meyer*, 263 Or at 496. After noting the long history of timber trespass statutes that focused only on cutting of trees, the Supreme Court noted the 1925 amendments that added the terms "produce" and "injury" to ORS 105.810, thereby expanding the ways in which harm could be caused. *Id*. at 496-97. The *Meyer* court went on to describe the purpose of ORS 105.810 as "to deter the cutting of another person's timber." *Id*. at 498 (citing *Kinzua Lbr. Co. v. Daggett et al*, 203 Or 585, 591-92, 281 P2d 221 (1955)). The court then wrote: "The destruction of fruit and fruit trees by fumes might also be deterred by the assessment of treble damages." *Meyer*, 263 Or at 498. The court also noted that a second purpose of the statute was to deter wrongdoers who would, in effect, try and force a sale of timber on an unwilling owner, explaining:

> "If a trespasser who cuts another's timber is required only to pay as damages the value of the timber felled, the trespasser, in effect, would have forced the timber owner to sell his timber at market value. Such a practice obviously would be advantageous to a trespasser who needed timber and unfair to a timber owner who did not want to sell. 'To offset this unfairness several states have rules calling for double, treble, and even quadruple damages in the event of trespass to timber.'"

*Id*. at 498 (quoting Harry Falk Jr., *Timber and Forest Products Law* § 108 (1958)). In the very next sentence, without providing any analysis, the *Meyer* court summarily concluded:

"Some of the distinctions that the multiple damages statutes make between the circumstances when treble damages may be assessed and when only double damages can be assessed cannot be made applicable to the instant case. \*\*\*.

"Based upon the litigation history of this treble damage statute and the total scheme of the multiple damage statutes, we conclude that they do not apply to the kind of damages assessed in the instant case."

263 Or at 498-99.

In *Chase*, decided about a year-and-a-half after *Meyer*, the Supreme Court applied the holding of *Meyer* to an action seeking double, rather than triple, damages. *Chase*, 265 Or at 432 (citing *Meyer*, 263 Or at 497-99). In so doing, it held that ORS 105.815 did not apply to damages to the plaintiffs' pole bean crop that occurred when the defendant applied "chemical spray" to a pasture from a helicopter and the spray drifted onto the plaintiffs' crop. *Chase*, 265 Or at 432. Noting that *Meyer* was decided after the trial court had doubled the damages, the *Chase* court summarily concluded, "In [*Meyer*], the plaintiffs' fruit crop and trees were allegedly damaged by emissions from the defendant's aluminum plant. The same considerations which caused us to conclude that treble damages were not allowable in such a case cause us to conclude that double damages are not allowable in this case." *Id*.

In the present case, defendants filed an ORCP 21 A(1)(h) motion asserting, as relevant here, that plaintiff failed to state a claim for timber trespass because the statutes do not cover causes of action and damages resulting from chemical drift.[3] The trial court agreed with defendants that the Supreme Court's construction of ORS 105.810 and ORS 105.815 in *Meyer* and *Chase* barred plaintiff's claim under those statutes. The trial court dismissed that claim with prejudice in the limited judgment at issue here.

---

[3] Defendants' motion was filed in 2021 under ORCP 21 A(8) (2021). Amendments to that rule took effect on January 1, 2022. Those amendments resulted in the subsections of the rule being renumbered. ORCP 21 A(1)(h) in the current version of the rule corresponds to ORCP 21 A(8) in the 2021 version. Because there are no substantive differences between them, we cite the current version.

On appeal, plaintiff urges us to confine *Meyer* and *Chase* to their facts and to decide that those cases do not bar plaintiff's cause of action. Plaintiff points out that *Meyer* is over 50 years old; that it does not engage in the Supreme Court's present form of statutory construction, nor much analysis of the words of the statute at all; and that our own recent cases concerning timber trespass claims have not relied on *Meyer*. Defendant argues that *Meyer* and *Chase* are controlling, and that those cases make clear that plaintiff cannot maintain a cause of action for timber trespass based on chemical drift.

In our only case to directly confront the issue, we highlighted the *Meyer* court's lack of a clear statutory construction analysis, as well as the apparent internal inconsistencies in the opinion's reasoning. *Worman v. Columbia County*, 223 Or App 223, 238-39, 195 P3d 414 (2008). But despite the concerns we articulated in *Worman*, that case does not aid plaintiff here. *Worman* involved a claim of direct chemical spray, not indirect chemical drift. *Id.* at 240. We noted in *Worman* that *Meyer* did not directly address direct chemical spray and wrote that we understood "*Meyer* to permit the application of ORS 105.810 to the direct spraying of herbicide on trees and shrubs—conduct that is a 'deliberate trespass' such as involved in cutting standing timber." *Worman*, 223 Or at 240 (quoting *Meyer*, 263 Or at 497).

Since *Meyer* and *Chase*, we have never applied ORS 105.810 or ORS 105.815 to allegations of indirect chemical drift. For example, in a case upon which plaintiff relies, *Simington Gardens, LLC v. Rock Ridge Farms, LLC*, 308 Or App 661, 663, 481 P3d 396 (2021), the trespass was also direct: Cows escaped the defendant's enclosure and trampled and defecated on the plaintiffs' organic salad plants, and the defendant's workers caused additional damage when they retrieved the cows.

Were we writing on a clean slate to interpret ORS 105.810 and ORS 105.815, perhaps plaintiff would have the better argument. *See State v. Gaines*, 346 Or 160, 170-72, 206 P3d 1042 (2009) (setting out methodology for statutory interpretation). It is unclear to us how the text of ORS 105.815, on its face, allows for a distinction between chemical

drift and other methods of casual timber trespass, all of which could arguably involve "nonnegligent, nonvolitional trespass." *Wyatt*, 146 Or App at 728. In other words, neither the text of ORS 105.810 nor ORS 105.815 put chemical drift into a special category of timber trespass that can only be accomplished willfully. However, we do not have a clean slate. *Meyer* holds that triple damages are not available under ORS 105.810 for injuries caused by indirect chemical drift. 263 Or at 499. And, applying *Meyer*, *Chase* reached the same result for double damages under ORS 105.815. 265 Or at 432. The mere fact that the opinions did not engage in a present-day statutory analysis does not alter the fact that they remain precedential. *See Mastriano v. Board of Parole*, 342 Or 684, 692, 159 P3d 1151 (2007) (holding that the fact that a case predated *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), and therefore did not follow that established method of statutory interpretation, "provides no basis, in and of itself, to disregard" the Supreme Court's interpretation of the law). We are thus bound by *Meyer* and *Chase*, and their rulings require us to affirm the trial court's limited judgment.

We also decline to interpret ORS 105.810 and ORS 105.815 as establishing a separate "timber trespass" cause of action that plaintiff could maintain independent of the doubling or tripling of damages. First, there is nothing in the plain text of those statutes that establish a special cause of action for harm to "produce" or "tree, timber, or shrub" if the only remedy sought is actual damages.[4] There are already other legal avenues for those types of claims, as evidenced by the other claims plaintiff alleged in this case. Second, neither *Meyer* nor *Chase* characterized the statutes as establishing an independent cause of action. Instead, those cases described that the statutes allow the trial court to triple or double the actual damages that the jury awarded on an existing claim. For example, after concluding that the plaintiffs did not establish that ORS 105.810 allowed

---

[4] In *Simington Gardens, LLC*, 308 Or App at 665, we characterized the claim at issue as one of "trespass to produce or timber" and found support for that specific kind of trespass in ORS 105.810(1). However, we were not asked to decide whether that claim could be maintained even if the damages provisions of the statute did not apply. We therefore do not view *Simington Gardens, LLC* as controlling on this issue.

the tripling of damages for chemical drift, *Meyer* remanded the case to the trial court for a retrial on the amount of actual damages that the plaintiffs incurred. 263 Or at 499. Similarly, after concluding that double damages were likewise unavailable for chemical drift, *Chase* remanded to the trial court for entry of judgment of actual damages on the plaintiffs' claim of "unintentional, non-negligent trespass" via ultrahazardous activities based, not on the statute, but on a common law cause of action. 265 Or at 432.

	In sum, plaintiff claims a timber trespass by defendants based on allegations that chemicals drifted from defendants' land, where they were applied to plaintiff's crop on plaintiff's land. Plaintiff has not identified any allegations that defendants willfully or directly applied chemicals to plaintiff's crop or land. Thus, *Meyer* and *Chase* are controlling precedent in these circumstances. Because plaintiff cannot recover triple or double damages, ORS 105.810 and ORS 105.815 do not apply. The trial court thus did not err in dismissing plaintiff's timber trespass claim. To the extent that *Meyer* and *Chase* may have incorrectly interpreted ORS 105.810 and ORS 105.815, that is a question for the Supreme Court to answer.

	Affirmed.