DECISION
Plaintiff has appealed a penalty imposed by Defendant for failure to timely pay a portion of the tax due on the underlying estate upon the death of Josef Ivanick (Decedent). The parties presented to the court written arguments setting forth their respective positions. Richard J. Louie is personal representative of Plaintiff, the Josef Ivanick Estate. Loren R. Northrup (Northrup) represents Plaintiff in this matter before the Tax Court.
 I. STATEMENT OF FACTS
Decedent died on January 15, 2009. On October 14, 2009, Northrup signed an application for an extension to file Decedent's Oregon Inheritance Tax Return, Form IT-1 (Return) on April 15, 2010. Defendant received Plaintiff's application on October 20, 2009. On that same date, Defendant received Plaintiff's initial inheritance tax payment of $50,000. On November 23, 2009, Defendant received Plaintiff's subsequent inheritance tax payment of $184,423. That payment included interest calculated by Northrup. The tax itself was $183,306.
On February 16, 2010, Defendant sent Plaintiff a Notice of Tax Assessment (Notice) that imposed on Plaintiff a failure-to-pay penalty of $9,165.30, 5 percent of the unpaid tax, and interest on unpaid inheritance tax of $1,272.41. Plaintiff timely appealed from Defendant's Notice. *Page 2 
 II. ANALYSIS
The issue before the court is whether Plaintiff's filing extension, by itself, extends the time in which Plaintiff may pay Decedent's inheritance tax, such that Plaintiff is exempt from the failure-to-pay penalty until the extended filing deadline has passed.[1]
ORS 118.220 provides that the inheritance tax takes effect at the decedent's death.[2] That tax is due on the same date as the federal estate tax. Id. The federal estate tax is due nine months from the date of the decedent's death. 26 U.S.C. 6075(a) (2009).
ORS 118.225 allows the Department of Revenue to extend the nine-month period for payment of the inheritance tax. For a taxpayer to request that extension, OAR 150-118.225(1)(a) specifies that "[a]n application for extension of time to pay the inheritance tax shown on the return shall be by letter mailed to the Department within nine months after the date of decedent's death or within the time of any extension granted for filing of the return."
ORS 118.260 imposes two distinct penalties upon taxpayers who either (1) fail to file a Return by the due date or (2) fail to pay the inheritance tax before the due date. The failure-to-file penalty is five percent of the decedent's inheritance tax liability. ORS 118.260(1). An additional 20 percent penalty applies if the taxpayer files the Return more than three months after the due date. ORS 118.260(2). The penalty for failure to pay the tax is five percent of the decedent's outstanding inheritance tax liability. ORS 118.260(4). Under ORS 118.260(5)(a), interest accrues upon the amount of the inheritance tax owed by the taxpayer after the due date.
In this case, Decedent died on January 15, 2009. The due date for Plaintiff to file Decedent's Return and pay Decedent's inheritance tax was nine months after that date, October 15, 2009. Plaintiff applied for and received a six-month extension to file the Return that *Page 3 
extended the due date for filing to April 15, 2010. However, because Plaintiff did not apply for an extension to pay the inheritance tax under OAR 150-118.225, the due date forpayment remained October 15, 2009. Plaintiff made inheritance tax payments on October 20, 2009 and November 23, 2009. Because Plaintiff did not make those payments before the October 15, 2009 due date, Plaintiff is subject to a penalty and interest under ORS 118.260(4) and (5)(a).
Plaintiff argues that it is unfair for the court to impose upon the taxpayer a failure-to-pay penalty equal to the amount of the failure-to-file penalty. It is not within the purview of the court to decide the fairness of the various statutory penalties. The legislature decided that there should be two penalties, each beginning at five percent. ORS 118.260.[3] Absent a constitutional violation, the court will not second-guess a policy decision of the Legislature. Rodriguez v. The Holland, Inc.,328 Or 440, 446, 980 P2d 672 (1999).
 III. CONCLUSION
Plaintiff's filing extension did not by itself allow Plaintiff an extension of the time to pay the inheritance tax. As such, Plaintiff made untimely payments under ORS 118.220, and Plaintiff is subject to a penalty and interest under ORS 118.260(4) and (5)(a). Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Notice is upheld.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 15, 2011. The Court filed and entered this documenton June 15, 2011.
[1] Plaintiff has provided no proof that he timely filed his application for extension to file. However, neither Plaintiff nor Defendant raised that issue in their submissions, and the court will therefore not address the matter.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] Subject to ORS 118.260(2), which increases the failure-to-file penalty by 20 percent if the taxpayer files the Return more than three months late. The failure-to-pay penalty includes no similar adjustment. *Page 1